[Civ. No. 4160. First Appellate District, Division One.—January 19, 1922.]

## CHARLES D. WAGNER, Appellant, v. LOUIS E. RUPPE et al., Respondents.

[1] MECHANICS' LIENS — FORECLOSURE — PLEADING — DEFICIENCIES IN PERFORMANCE—WAIVER.—Where, in an action for the foreclosure of a mechanic's lien for a balance due for services in superintending the construction of a building, the plaintiff made no objection either by demurrer or otherwise to the form in which the defendant tendered the issue as to various alleged deficiencies in the performance of the contract, nor to the presentation of his proofs regarding such issue, objection both to the form of pleading and substance of proof thereof was waived, and no separate or express pleading by way of setoff or counterclaim was required.

[2] ID.—COST OF BUILDING—FINDING—EVIDENCE.—Where, in an action for the foreclosure of a lien for a balance due for services in superintending the construction of a building estimated on a percentage basis, evidence was without objection presented by both parties upon the subject of the cost of the building and the finding which the court made was justified by the evidence, the judgment will not be reversed because of a variance with the strict averments and admissions of the pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

William C. Jensen for Appellant.

Wirt C. Smith for Respondents.

RICHARDS, J.—This action was one brought for the foreclosure of a mechanic's lien upon premises owned by the defendant upon which a building had been constructed under the provisions of an agreement between the plaintiff and the defendant, by the terms of which plaintiff agreed to supply defendant plans and specifications and to superintend and oversee the construction and erection of a certain building upon said premises; said contract further provided that plaintiff should procure the best possible bids for all material wanted or used, including plumbing, gas, electrical wiring, painting, decorating, plastering, concrete, iron and brick work, and all other necessities for the completion thereof, and that when said bids were so procured by plaintiff the same were to be submitted to said defendant for his approval and selection. Said contract further provided that plaintiff should receive for his compensation for said services the sum of ten (10%) per cent of the total construction price of said building, payments to be made upon the tenth day of each month of ten (10%) per cent of the total amount of bills then paid. The plaintiff alleged that he proceeded with the performance of this said agreement, which was by him to be performed, until on or about the twenty-seventh day of September, 1920, when said building was about nine-tenths completed, when his services were dispensed with by the defendant; that the construction price of said building up to the said twenty-seventh day of September, 1920, when his services in relation to the same ceased, was $47,392.41, and that the amount of his commission therein according to terms of his said contract was the sum of $4,739.24, of which $2,385 had been paid, leaving a balance due the plaintiff of $2,354.24, no part of which had been paid. The complaint then proceeded with the usual averments as to the filing of a mechanic's lien upon the premises for the balance due plaintiff upon said contract. The answer of the defendant expressly admitted the averments of plaintiff's complaint as to the terms of the contract between the parties and also by failure to deny the same admitted the regularity of the proceedings to establish his lien. It then proceeded to set forth a number of particulars in which the plaintiff was charged with having negligently performed his duty in relation to the erection of said building by which

the defendant had sustained certain specified damages, viz.: That the said plaintiff started the erection of a garage at a point too close to the main building on said premises, thereby rendering it necessary that said garage should be torn down and rebuilt, which caused the defendant additional expense of three hundred ($300) dollars; that plaintiff neglected putting in the gas connections until after the cement work had been put in, thereby rendering it necessary for defendant to put the gas meters and connections on the other side of the building, thereby rendering it necessary to make new openings in the foundation, all of which involved an additional expense of some two hundred ($200) dollars. That said plaintiff caused the roof to be constructed in such a careless and negligent manner that it leaked badly, staining the ceiling in one of the rooms of said apartment and involving an expense of forty ($40) dollars to repair the said roof. The answer further alleged certain further other damages sustained by the defendant by reason of the alleged failure of the plaintiff to complete the building on time, but as to these it is not necessary to go into details, since the trial court found against the defendant as to these latter averments. The cause proceeded to trial upon the aforesaid pleadings, the plaintiff and his witnesses testifying in support of the averments of his complaint and the defendant and his witnesses offering evidence to sustain the averments of his answer as to the specific items of damage which he had sustained by the acts and conduct of the plaintiff and through his mistakes and neglect. The court early in the course of the trial in directing the order of the evidence referred to the above affirmative defenses of the defendant's answer as a counterclaim. The plaintiff made no objection as to this characterization nor as to the evidence offered in support of such defensive matter upon the ground of any infirmity in the defendant's pleadings and the cause was evidently tried upon the theory that the defendant's answer in this defensive matter was to be treated as a counterclaim. Upon the submission of the cause the court made its findings of fact and conclusions of law wherein it was found that the total construction price of the building was $45,550 and not $47,392.41, as alleged in the plaintiff's complaint, and that the total sum of commissions to which the plaintiff was entitled was the sum of $4,555 and not $4,739.24, as alleged

in the plaintiff's complaint. It was further found that there had been paid upon account of said commissions $2,385, leaving a balance due of $2,354.24 still unpaid. The court further found in favor of the defendant upon the above specified items of counterclaim and that these aggregated the sum of $857.60, which it was held the defendant was entitled to have offset against the unpaid commission to which the plaintiff was otherwise entitled, leaving a net balance due the latter of $1,318, for which sum, with interest thereon from September 27, 1920, judgment was ordered and entered in plaintiff's favor. From such judgment the plaintiff has prosecuted this appeal.

[1] The appellant's first contention is that the trial court was in error in allowing the defendant the setoff above referred to, for the reason that the defendant had not pleaded the same as or in the form of a setoff or counterclaim. There are two answers to this contention: The first is that the plaintiff made no objection either by demurrer or otherwise to the form in which the issue was tendered in the defendant's answer as to these items, nor to the defendant's presentation of his proofs regarding such items. He thus waived his objection both to the form of pleading and substance of proof of them. The second answer is that the averment of these items in the defendant's answer went directly to the issue which the plaintiff himself tendered as to his due performance of the services by him to be performed, under the terms of his said agreement, and hence no separate or express pleading by way of setoff or counterclaim was required.

[2] The appellant's next contention is that the trial court was in error in its finding that the total construction price of the building was but $45,550, when the complaint alleged and the answer did not sufficiently deny that the construction cost thereof was $47,392.41, the appellant claiming that he was entitled to a finding in the figures of the larger sum. There may be some question of the sufficiency of the defendant's denial touching the cost of the building in question. In the defendant's original answer there was a denial of the defendant's liability for a greater sum than $3,517.80 commissions, being ten per cent of the estimated cost of the building. This, it is true, is a doubtful form of denial measured by the standards of good pleading; and it

may be also questioned whether the defendant carried this denial into his so-called "second and further answer." The record shows, however, that considerable evidence was without·objection presented by both parties upon the subject of the cost of the building in question and that the finding which the court made is justified by the evidence thus presented. This being so the case would not be reversed because of a finding which spoke the truth, even though it might vary somewhat from the strict averments and admissions of the pleadings. As to the other attacks which the appellant makes upon the findings of the trial court upon the ground either that they are outside of the issues or are not justified by the evidence, we have examined the record only to find that the case was tried throughout upon the theory that the plaintiff's various alleged deficiencies in the performance of his contract were being tried in response to the issues he had himself tendered as to full performance on his part of the said agreement. From this view of the theory upon which the case was presented and tried we are satisfied that the findings of the trial court are fully within and fully justified by the evidence which was presented without objection throughout. This being so, we find in this record no sufficient reason for a reversal of the case.

Judgment affirmed.

Kerrigan, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 17, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 20, 1922.

All the Justices concurred except Lennon, J., and Lawlor, J., who were absent.

Richards, J., *pro tem.*, was not acting.