VILLAR & Co., INC., demandante y apelada, *v.* ELOF HANSSON, demandado y apelante.

No. 4773.—*Sometido:* Mayo 23, 1929. *Resuelto:* Diciembre 16, 1929.

*Carlos J. Torres* y *Rafael ,Buscaglia,* abogados del apelante; *R. Cuevas Zequeira,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Villar & Co., Inc., de esta Isla, estableció una demanda en la Corte de Distrito de San Juan contra Elof Hansson, comerciante de Suecia, en reclamación de treinta mil dólares en concepto de daños y perjuicios por quebrantamiento de un contrato por virtud del cual el demandado se obligó a vender a la demandante dos mil toneladas de abonos a treinta y tres dólares la tonelada, debiendo los abonos contener 12 por ciento de amoníaco, 6 por ciento de ácido fosfórico y 5 por ciento de potasa y conteniendo sólo los entregados 6.80 por ciento de nitrógeno amoniacal, 4.36 por ciento de ácido fos-

fórico y 5.36 por ciento de potasa, lo que los hacía ineficaces para el uso a que estaban destinados.

Presentada la demanda, la demandante pidió el aseguramiento de la sentencia que pudiera dictarse, de acuerdo con la ley de 1902, enmendada por la No. 27 de 1906, sobre la materia. Accedió la corte, mediante quince mil dólares de fianza. Prestada ésta, la demandante señaló al márshal como bienes embargables y el márshal embargó como de la propiedad del demandado la "documentación de embarque (conocimientos, giros, facturas, etc.), giro No. 1789 por la suma de seis mil quinientos setenta y ocho dólares con veintiún centavos, otro giro por la suma de seis mil novecientos setenta dólares con treinta y cinco centavos, y otros giros que se encuentran en poder del Royal Bank of Canada de esta ciudad; mil sacos de abono, marca 'San Miguel Brand' llegados a esta ciudad en el S. S. *Vesta,* estando dichos sacos marcados con la siguiente inscripción: (abono marca San Miguel Brand, made in Holland) que se encuentran depositados en la Aduana."

La copia de la orden de embargo remitida al Colector de la Aduana de San Juan fué devuelta por dicho funcionario alegando que no podía cumplirla porque de acuerdo con la ley "all property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable and that all such property so taken or detained shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

Con respecto al embargo de los documentos que se encontraron en poder del banco no hubo objeción por parte de éste.

Así las cosas, el 25 de junio de 1928 compareció el demandado y presentó una moción solicitando la nulidad del embargo practicado. El propio día compareció la demandante y solicitó que la Corte dictara una orden que comprendiera los siguientes extremos:

"1.—Que el Márshal de la Corte de Distrito proceda a entregar al Colector de Aduanas de San Juan la documentación de embarque

relativa a las seiscientas toneladas de abono que fueron consignadas por Elof Hansson a Villar & Co., Inc., a los efectos de impedir que dicho Colector de Aduanas confisque la fianza prestada por Villar & Co., Inc., ya que de otro modo resultaría ilusoria la sentencia que en el litigio pudiera dictar esta Corte y sin finalidad práctica ninguna la orden de embargo obtenida por la demandante mediante la prestación de una fianza.

"2.—Que el Márshal de la Corte de Distrito, mediante la entrega al Colector de Aduana en San Juan de la documentación de embarque referente a los mil sacos de abono facturados por Elof Hansson a San Miguel Hermanos de Bayamón, P. R., se incaute de dicha mercadería.

"3.—Que por razón de la merma y deterioro a que están expuestos los expresados mil sacos de abono, se proceda por el Márshal de la Corte de Distrito a su venta en pública subasta, consignándose el importe de tal venta en la Secretaría de esta Corte en espera de las resultancias del litigio."

El demandado se opuso a la moción de la demandante, y la corte señaló la vista de ambas mociones para el día 13 de julio de 1928, en cuyo día ambas partes fueron oídas y se practicó prueba con la oposición de la demandante, constando del récord lo que sigue:

"Ddo.—Señor Juez, las partes en este caso estipulan lo siguiente: Que todos los abonos a que se refiere este litigio y especialmente las mociones de la parte demandante y demandada discutidas en el día de hoy, fueron retirados por Villar & Compañía, Inc., de la Aduana de Puerto Rico con anterioridad a la práctica del embargo mediante una fianza provisional para producir conocimiento de embarque; exceptuándose los mil sacos de abono facturados a San Miguel Hermanos, de que se habla en la moción de la parte demandante.

"Y con relación a dichos mil sacos de abono facturados a San Miguel Hermanos, las partes admiten que en la actualidad, como hecho físico, están en la Aduana."

La Corte resolvió las cuestiones planteadas así:

"Considerada la moción del demandado Elof Hansson, de junio 25 de 1928, sobre nulidad de embargo, y la prueba practicada, la Corte la declara sin lugar, por entender que los conocimientos de embarque y facturas consulares, que son símbolos representativos de la propiedad, son bienes que están en el comercio de los hombres y por tanto sujetos a embargo; y

"Considerada además la moción de la demandante Villar & Co., Inc., de 25 de junio de 1928, la Corte la declara con lugar en cuanto por ella se solicita, y así se ordena, que el márshal, mediante entrega de la documentación de embarque, referente a los mil sacos de abono facturados por Elof Hansson a Sucessores de San Miguel Hermanos, de Bayamón, Puerto Rico, y que se encuentran en la Aduana de San Juan, se incaute de dicha mercadería y la retenga bajo su custodia, nombrando un depositario, hasta ulterior disposición de la Corte, y se declara sin lugar dicha moción en cuanto se pide la entrega al Colector de Aduana de la documentación de las seiscientas (600) toneladas de abono que fueron retiradas por Villar & Co., Inc., mientras el Márshal no se apodere de esa mercancía mediante entrega por la demandante."

No conforme el demandado interpuso el presente recurso de apelación señalando en su alegato la comisión de tres errores, como sigue:

"La Corte erró al sostener que el embargo trabado sobre los conocimientos de embarque y facturas consulares por el márshal de la corte inferior, es válido.

"La Corte erró al considerar válido el embargo trabado sobre los conocimientos de embarque o símbolos representativos de la propiedad, relacionados con las 600 toneladas de abono de que había dispuesto la demandante-apelada, porque en el momento de efecturse el mismo ya no representaban propiedad embargable.

"La Corte erró al ordenar al márshal que se incautara de 1,000 sacos de abono que están bajo la custodia del colector de aduana mediante la entrega de un conocimiento de embarque por él embargado ilegalmente."

En su alegato la parte apelada impugna, agrupándolos, los tres errores señalados así:

"Los bienes embargados en este caso constituyen propiedad susceptible de embargo, por tener la categoría de 'bienes' de acuerdo con la definición del Código Civil. El Art. 324 de dicho cuerpo legal dice que la palabra *bienes* es aplicable en general a cualquiera cosa que pueda constituir riqueza o fortuna, haciendo relación dicho vocablo a la palabra *cosas;* que constituye uno de los objetos de la jurisprudencia.

"Las cosas incorporales, que consisten solamente en un derecho, se consideran también como bienes, muebles o inmuebles, a tenor del

Art. 331 del Código Civil. Y de acuerdo con el Art. 341 tienen la consideración de cosas muebles, entre otras, los contratos sobre servicios públicos y las cédulas y títulos representativos de préstamos hipotecarios; disponiéndose por el Art. 343 que todas las cosas corporales o incorporales que no tengan el carácter de inmuebles por su naturaleza o por disposición de la ley, deben ser consideradas como muebles.

"A la luz de tales preceptos, los conocimientos de embarque y facturas consulares, que son símbolos representativos de la propiedad, de igual modo que las cédulas y títulos hipotecarios, son bienes muebles, que están en el comercio de los hombres, sujetos a ser embargados, ya que la ley sobre aseguramiento de sentencias, al determinar en el inciso 'b' de la Sección Segunda, que el aseguramiento consistirá en el embargo de *bienes bastantes* del deudor, no ha distinguido, siendo de aplicación las disposiciones del Código Civil que se refieren a la clasificación de bienes.

"El Art. 708 del Código de Comercio dice así:

" 'Los conocimientos al portador destinados al consignatario serán transferibles por la entrega material del documento; y en virtud de endosos los expedidos a la orden.

" 'En ambos casos, aquel a quien se transfiera el conocimiento adquirirá sobre las mercaderías expresadas en él todos los derechos y acciones del cedente o endosante.'

"Además, de acuerdo con la jurisprudencia resulta claro que los conocimientos de embarque constituyen una propiedad sujeta a una orden de embargo.

" 'Por el derecho mercantil y los usos del comercio un conocimiento de embarque es un símbolo que constituye y representa los bienes en dicho conocimiento descritos, y la posesión de tal conocimiento de embarque equivale a la posesión real de los bienes. 10 Corpus Juris 193. St. Louis Merchants Bank v. Shaw, 101 U. S. 557, 25 L. ed. 892.'

"En el caso de autos los conocimientos de embarque y demás documentos embargados por el Márshal tienen el carácter de órdenes de pago, ya que a virtud de su entrega al Colector de Aduanas, dicho funcionario deja de tener autoridad para hacer efectiva la fianza prestada por el consignatario al retirar los bienes despechados por Elof Hansson.

"La cuestión legal planteada se resuelve con toda claridad con la sola aplicación de los principios legales vigentes en Puerto Rico en el Código Civil, en el Código de Comercio y en la Ley de Asegura-

miento de Sentencias, que es una ley de equidad y que tiene el alcance de impedir que queden burlados los derechos de una parte que reclama en juicio el cumplimiento de una obligación y que para obtener el remedio consignó la fianza que le exigiera la Corte. Ambas partes se sometieron a la jurisdicción de la Corte de Distrito de San Juan. El demandado está protegido por la fianza y por el carácter doméstico de la corporación que demanda; en tanto que si la Corte inferior no hubiera amparado en su derecho al demandante, habría resultado de todo ineficaz la orden de aseguramiento de sentencia.''

El razonamiento de la parte apelada es lógico y sería enteramente aceptable de no concurrir las circunstancias que en este caso concurren.

No hay duda alguna que los bienes a que se refieren los documentos embargados se encuentran unos actualmente en la aduana y otros fueron sacados de la aduana por la propia demandante a quien venían consignados mediante una fianza con la obligación de presentar después los documentos necesarios que son parte de los embargados.

No era posible embargar los abonos que estaban en la aduana. La parte apelante invoca a este respecto la siguiente jurisprudencia que nos parece terminante. Es así:

''(a) Los bienes que se encuentran bajo custodia de la Ley no pueden ser embargados. 12 L.R.A. 508; 48 Cal. App. 329; 88 Cal. 522; 49 Cal. App. 570.

''(b) Todos los bienes de que se apoderare o incautare cualquier peticionario u otra persona de conformidad con cualquier ley sobre rentas de los Estados Unidos de América serán irredimibles y serán considerados como que están abjo custodia de la ley y sujetas a las órdenes y decretos de las cortes de los Estados Unidos solamente. Sec. 934 de los Estatutos Revisados de los Estados Unidos.

''(c) Las mercancías que se hallaren en almacenes de aduana (bonded warehouse) estarán sujetas solamente a las órdenes y decretos de las cortes de los Estados Unidos. No estarán sujetos a embargo o a cualesquiera otros procedimientos de las cortes estaduales. Artículo 850 del Reglamento de Aduanas de los Estados Unidos proclamado para que sirva de instrucción y guía a los funcionarios de Aduana. Decisiones de Tesorería número 16,693–16, 896–17, 188–17, 720–1934.

"(*d*) Hawaii y Puerto Rico son distritos donde se efectúan cobros de aduana y están sujetos a todas las disposiciones de las leyes de Aduana de los Estados Unidos. Ley de 30 de abril, 1900, sec. 88, ·Ley de 12 de abril, 1900, Sec. 4. Decisiones de Tesorería 19,668–24, 198–24, 692–37,341.

"(*e*) Se ha expuesto claramente la regla de que bienes que se hallen bajo custodia de la ley no están sujetos a embargo. 1 Cal. Jurisprudence, par. 20, Aynes vs. Willis, 3 Cal. 363, 56 Cal. App. 234–205."

No pudiendo practicarse el embargo de modo directo ¿puede recurrirse al medio indirecto a que recurrió la demandante en este caso y de hecho llevar a cabo lo que la ley y la jurisprudencia prohiben?

Sobre esta situación especial hubiéramos deseado tener la ayuda del ilustrado defensor de la parte apelada. Mientras no se nos demuestre lo contrario, creeremos que en buena práctica no es posible recurrir a medios indirectos para lograr lo que no puede lograrse por la vía directa cuando ello envuelve la realización de algo prohibido por la ley.

Lo dicho es suficiente para sostener que se cometieron el primero y el tercero de los errores señalados.

■ También se cometió el segundo.

La propia demandante por su propio acuerdo levantó de la Aduana los bienes que el demandado envió a ella consignados, mediante una fianza, comprometiéndose a entregar más tarde la documentación necesaria, como ya hemos dicho, llegando así a su posesión los bienes y privando de tal modo de su disposición al demandado, y se ha resuelto que "el embargo de propiedad en posesión del demandante, no puede practicarse", *Bissener* v. *Billon,* 71 Cal. App. 779, habiendo citado con aprobación la Corte Suprema de dicho estado, en el caso de *Howell* v. *Foster,* 65 Cal. 169–173, al tratadista Drake, así:

"'Es un principio fundamental,' dice Drake en su Tratado sobre Embargos, artículo 245, 'que un acreedor que efectúa un embargo no puede adquirir mayores derechos sobre los bienes embargados que los que tenía el demandado sobre ellos en el momento de trabarse

el embargo. Por tanto, si los bienes se hallan en tal situación que el demandado ha perdido el dominio que tenía sobre ellos, o aún no ha adquirido tal interés o dominio sobre los mismos que le permita disponer de ellos en oposición a otros, tales bienes no pueden ser embargados para responder de una deuda suya.''

*Por virtud de todo lo expuesto, debe revocarse la orden recurrida y en su lugar dictarse otra anulando el embargo practicado.*