PUERTO RICO PRODUCTION CREDIT ASSOCIATION, demandante y apelada, *v.* LA SOCIEDAD RODRÍGUEZ Y PAGÁN, ETC., demandados y apelados; MIGUEL ÁNGEL ROURA, interventor y apelante.

Número 12014.

*Sometido:* 29 de febrero de 1960. *Resuelto:* 28 de junio de 1960.

*Luis A. Negrón López*, abogado del apelante; *Cipriano Olivieri*, abogado de la demandante y apelada; *Carlos Manuel Dávila*, abogado de los demandados y apelados.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Este es un pleito en cobro de dinero instado ante la Sala de San Juan del Tribunal Superior, por la Puerto Rico Production Credit Association contra la sociedad "Rodríguez y Pagán" y sus socios don Arturo Rodríguez y su esposa doña Lucía Cruet y don Laureano Pagán y su esposa doña Carmen Giraud. En aseguramiento de la sentencia fueron embargados ciertos bienes de los demandados. En octubre 6 de 1955, la demandante solicitó del tribunal se ampliara dicho embargo sobre un pagaré a la orden de la sociedad demandada por $5,071.75, vencido en noviembre 12 de 1953 y suscrito por Miguel A. Roura y el cual pagaré lo tenía la demandante en su poder en calidad de depósito. El tribunal ordenó el embargo del mencionado pagaré y dispuso que se notificara de ello a la demandada, dueña del pagaré y al deudor Sr. Roura. El alguacil del tribunal procedió al embargo incautándose del pagaré y reteniéndolo en custodia legis. Notificó dicho embargo a la demandada pero no así al otorgante del pagaré Sr. Roura.

A su vez Roura había incoado una acción separada ante la Sala de Ponce del Tribunal Superior sobre cobro de dinero contra los mismos demandados, la sociedad Rodríguez y Pagán y los socios que la integraban, y habiendo obtenido sentencia a su favor(¹) obtuvo de dicho tribunal, en 7 de octubre de 1955, una orden sobre aseguramiento de sentencia por $4,200 de principal y otros créditos por concepto de intereses, costas y honorarios de abogado. El allí demandante señaló al alguacil del Tribunal Superior, Sala de San Juan, como bienes a ser embargados, el pagaré por $5,071.75 que el propio Roura había otorgado a favor de la sociedad "Rodríguez y Pagán" y sus integrantes ya nombrados, informándose al alguacil que dicho pagaré estaba en poder de Puerto Rico Production Credit Association en calidad de depósito. Dicho alguacil practicó el referido embargo con carácter de segundo embargo o reembargo debido a que la depositaria Puerto Rico Production Credit Association había embargado el pagaré el día 6 de octubre de 1955, o sea, el día antes de decretarse el aseguramiento de la sentencia dictada por el Tribunal Superior, Sala de Ponce.

A fines de mayo de 1956, Miguel A. Roura, previo permiso del tribunal, radicó una demanda de intervención en el pleito seguido por Puerto Rico Production Credit Association contra la sociedad "Rodríguez y Pagán" y sus socios. Expuso los hechos que ya hemos relatado y alegó que el embargo trabado por Puerto Rico Production Credit Association sobre el pagaré era nulo e inexistente y que el único embargo válidamente trabado era el decretado por el Tribunal Superior, Sala de Ponce, "(a) Porque la demandante en el presente caso, Puerto Rico Production Credit Association, era al tiempo de solicitar la ampliación de embargo, de señalarse los bienes y de trabarse el embargo la depositaria del referido pagaré y tenía el mismo en su posesión, por

---

(¹) Los demandados apelaron de dicha sentencia y el recurso está pendiente ante este Tribunal.

lo que no podía practicar embargo sobre dicho pagaré; (*b*) Porque siendo el deudor de dicho pagaré el aquí interventor Miguel Ángel Roura y tratándose de un crédito u obligación de pagar de este interventor, el interventor compareciente no fue notificado de dicho embargo, y por consiguiente el embargo no quedó practicado en forma alguna."

La demanda de intervención termina con la súplica de que el tribunal decrete la nulidad del embargo trabado por Puerto Rico Production Credit Association sobre el pagaré otorgado por Roura y ordenando que dicho pagaré sea remitido al alguacil del Tribunal Superior, Sala de Ponce, para ser depositado con éste, bajo custodia legis a disposición de dicha Sala.

Sometido el caso mediante una estipulación de las partes, el Tribunal Superior, Sala de San Juan, dictó sentencia en 20 de julio de 1956 declarando sin lugar la demanda de intervención. El interventor Roura apeló de dicha sentencia para este Tribunal en 31 de julio de 1956 [2] y sostiene ante nos, que por los fundamentos que expuso en su demanda de intervención, el embargo trabado por la recurrida sobre el tantas veces mencionado pagaré es nulo e inexistente.

■■ No tiene razón. Es cierto que al momento de trabarse el embargo el pagaré estaba en poder de la recurrida en calidad de depósito. Este hecho no impedía a la recurrida trabar un embargo legal sobre dicho pagaré. Se constituye el depósito desde que uno recibe *la cosa ajena* (cosa mueble) con la obligación de guardarla y restituirla. Arts. 1658 y 1666 del Código Civil (ed. 1930), —31 L.P.R.A., secs. 4621

---

[2] El día anterior, o sea, el 30 de julio de 1956, el alguacil del Tribunal Superior, Sala de Guayama, vendió en pública subasta el pagaré objeto de este litigio, y lo entregó al adjudicatario Sr. Genaro Cautiño Bruno. La subasta se celebró en ejecución de la sentencia dictada por la Sala de San Juan del Tribunal Superior, en el pleito seguido por Puerto Rico Production Credit Association contra la sociedad "Rodríguez y Pagán" y otros. En cuanto a si el interventor debió hacer gestiones para paralizar la subasta a fin de preservar su derecho a revisar la sentencia del tribunal a quo, *quære*.

y 4661. La obligación del depositario de restituir el depósito cuando lo pida el depositante está terminantemente establecida en los arts. 1666 y 1675 del Código—31 L.P.R.A., secs. 4661 y 4670. Tales disposiciones no tienen lugar cuando judicialmente haya sido embargado el depósito en poder del depositario, o se haya notificado a éste la oposición de un tercero a la restitución o traslación de la cosa depositada. Art. 1665 del Código Civil—31 L.P.R.A., sec. 4670. Más aun, el depositario no puede exigir que el depositante pruebe ser propietario de la cosa depositada. Art. 1671 del mismo Código [31 L.P.R.A., sec. 4666].

De acuerdo con estas disposiciones resulta claro que la demandada "Pagán y Rodríguez" era la propietaria del pagaré en discusión y que la demandante recurrida, o sea, la depositaria venía obligada a restituirlo a dicha propietaria cuando ésta lo pidiera. El único derecho de la depositaria era el de retención del pagaré en prenda en caso de que la depositante no le pagara lo que se le debía por razón del depósito. Art. 1680 del Código Civil [31 L.P.R.A., sec. 4682] ; pero ese derecho contingente no equivale a un interés legítimo sobre la propiedad del pagaré suficiente para establecer un derecho dominical sobre el mismo. Cf. *Autoridad de Fuentes Fluviales* v. *Irizarry*, 72 D.P.R. 644, 651. Por otro lado el derecho de retención de la cosa depositada es renunciable sin perjuicio del derecho del depositario a ejercitar la acción personal para hacer efectivos los pagos justos y legítimos. 11 Manresa, Código Civil, pág. 717. En su consecuencia, resulta innegable que la única y verdadera propietaria del pagaré embargado, lo era, para la fecha del embargo, la demandada "Rodríguez y Pagán".

 Sin embargo, el interventor-recurrente sostiene que desde el año 1929, y en el caso de *Villar & Co., Inc.* v. *Hansson*, 40 D.P.R. 316, quedó resuelto por este Tribunal que "el embargo de propiedad en posesión del demandante no puede practicarse".

Los hechos del caso de *Hansson*, son en resumen, como sigue: *A* demandó a *B* en reclamación de daños y perjuicios por haberle servido *B*, desde el extranjero, un abono que no respondía a las fórmulas químicas acordadas. Para asegurar la efectividad de la sentencia que pudiera recaer a su favor, *A* embargó toda la documentación que era evidencia del abono depositado en la aduana, giros y mil sacos de abono que se encontraban también depositados en la aduana consignados a San Miguel Hermanos. El demandado solicitó la nulidad del embargo. Las partes estipularon que el abono que venía consignado a la demandante había sido retirado por la demandante de la Aduana, con anterioridad a la práctica del embargo mediante una fianza provisional para producir conocimiento de embarque. Este Tribunal dijo: "La propia demandante por su propio acuerdo levantó de la Aduana los bienes que el demandado envió a ella consignados, mediante una fianza, comprometiéndose a entregar más tarde la documentación necesaria, como ya hemos dicho, llegando así a su posesión los bienes *y privando de tal modo de su disposición al demandado*, y se ha resuelto que 'el embargo de propiedad en posesión del demandante, no puede practicarse'. [Citas.]" Y luego agregó: " 'Es un principio fundamental', dice Drake en su Tratado sobre Embargos, artículo 245, 'que un acreedor que efectúa un embargo no puede adquirir mayores derechos sobre los bienes embargados que los que tenía el demandado sobre ellos en el momento de trabarse el embargo. Por lo tanto, si los bienes se hallan en tal situación que el demandado ha perdido el dominio que tenía sobre ellos, o aún no ha adquirido tal interés o dominio sobre los mismos que le permita disponer de ellos en oposición a otros, tales bienes no pueden ser embargados para responder de una deuda suya.' " Los hechos del caso de *Hansson* son distinguibles de los del caso de autos. En aquél, la demandante había tomado posesión de los bienes consignados a ella, antes de practicarse el embargo, levantándolos de la

Aduana y privando así al demandante de su disposición, mientras que en el presente caso la depositaria no tenía ningún interés o dominio sobre el pagaré depositado suficiente que le permitiera disponer de dicho pagaré en oposición a otros ya que, según hemos visto, la depositante continuaba siendo la propietaria del depósito con derecho a que éste se le devolviera por la depositaria cuando así lo solicitara.

En *Clausells* v. *Salas*, 50 D.P.R. 553, resolvimos, citando con aprobación el caso de *Hansson*, que el embargo a favor del demandante de sumas de dinero que el propio demandante debía pagar por sentencia a los demandados, era nulo. Sin embargo, la doctrina de este caso fue más tarde rechazada en el de *Martinó* v. *Santisteban Chavarri & Co.*, 53 D.P.R. 297, donde se resolvió que una sentencia divisible puede ser embargada por una de las partes en cuanto a los pronunciamientos favorables a la otra.

Arguye el recurrente que el caso de *Santisteban Chavarri & Co.* no revocó el de *Hansson* en cuanto a la doctrina de que "el embargo de propiedad en posesión del demandante no puede practicarse". Precisamente lo que resuelve *Santisteban Chavarri & Co.* es que sumas de dinero adeudadas por sentencia por una parte pueden ser embargadas por ésta, no obstante estar dichos bienes en posesión de la parte que traba el embargo. Siendo esto así, no hay razón para negar el derecho de un demandante a embargar bienes ajenos que están en su propio poder en calidad de depósito y que pertenecen a su deudor.

El aseguramiento de sentencia en acción en cobro de dinero consiste por ley en el embargo de bienes bastantes para responder de las sumas reclamadas. Art. 2 (*b*) de la Ley para Asegurar la Efectividad de las Sentencias [32 L.P.R.A., sec. 1070] ; *Carlo* v. *Corte*, 58 D.P.R. 889, 894. El embargo de bienes muebles se practica depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. Art.

10 Ley para Asegurar la Efectividad de las Sentencias [32 L.P.R.A., sec. 1078]; *Cooperativa Central* v. *Flores*, 68 D.P.R. 726. Nada hay en la ley que impida el embargo de bienes muebles en manos de una tercera persona, ni que distinga entre la forma de llevarse a cabo el embargo de bienes que están en manos del demandado y el de bienes que están en manos de terceras personas. En el estado de nuestro derecho pueden ser objeto de embargo los bienes pertenecientes al demandado en el momento del embargo o los que existan en poder de una tercera persona, que sean de su propiedad. *Prado* v. *Quiñones*, 78 D.P.R. 313. Una obligación para el cobro de dinero, como lo es un pagaré transferible por endoso o por la mera entrega del documento, es por disposición de ley, un bien mueble. Arts. 266 y 268 del Código Civil [31 L.P.R.A., secs. 1062 y 1064]; *Dávila* v. *Registrador*, 59 D.P.R. 130, y por lo tanto está sujeto a embargo mediante incautación. Véanse 7 C.J.S., sec. 223(*g*), pág. 402 y 4 Am. Jur., sec. 563, pág. 896.[3]

La falta de notificación del embargo al deudor otorgante del pagaré embargado, aun cuando la corte hubiera ordenado tal notificación, no será razón o motivo suficiente para anular el embargo en vista de que se trata de un embargo de bienes muebles, que según hemos visto, se practica mediante la incautación del bien embargado y depositándolo en poder del tribunal o del depositario designado por éste. Por otra parte, una vez que el deudor radicó su demanda de intervención en este caso, tenía conocimiento del embargo trabado, de que el pagaré se encontraba en custodia legis, y de que por lo tanto, no podía hacerlo efectivo a la sociedad Rodríguez y Pagán.

*No habiéndose cometido los errores señalados procede confirmar la sentencia del tribunal a quo.*

---

[3] El propio interventor trató de trabar un primer embargo del pagaré solicitando que ordenara al alguacil que se incautara del mismo y lo depositara en el tribunal.