SERGIO RAMÍREZ DE ARELLANO, peticionario *v.* CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER DÍAZ, JUEZ, demandada.

No. 813.—*Sometido:* Marzo 14, 1932. *Resuelto:* Marzo 18, 1932.

*Domínguez & Janer,* abogados del peticionario; *De la Torre & Ramírez,* abogados de la demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En un procedimiento ordinario sobre ejecución de hipoteca, la corte de distrito, a instancias de la demandante, sin notificación alguna a los demandados y antes de diligenciarse el emplazamiento, ordenó al márshal que requiriera de ciertos inquilinos, arrendatarios del deudor hipotecario, el pago de los cánones de arrendamiento adeudados por el mes corriente y que pudieran vencer en el futuro mientras el litigio estuviese pendiente, y que retuviera los mismos para acreditárselos en la reclamación del acreedor hipotecario, en caso de que la suma obtenida en la subasta resultara insuficiente para cubrir tal reclamación. Cuando un extraño al procedimiento informó a los demandados de la actuación del márshal de conformidad con dicha orden, éstos solicitaron la anulación de la misma y su moción fué declarada sin lugar. Tanto la orden como la negativa a anularla se basaron en

los artículos 110 y 111 de la Ley Hipotecaria que leen en parte como sigue:

"Art. 110.—La hipoteca se extiende a las accesiones naturales, a las mejoras, a los frutos pendientes y rentas no percibidas al vencer la obligación . . ."

"Art. 111.—Conforme a lo dispuesto en el artículo anterior, se entenderán hipotecados juntamente con la finca, aunque no se mencionen en el contrato, siempre que correspondan al propietario:

"*    *    *    *    *    *    *

"4. Las rentas vencidas y no pagadas, cualquiera que sea la causa de no haberse hecho efectivas, y las que se hayan de pagar hasta que el acreedor sea satisfecho de todo su crédito."

La demandante alegó en su petición sobre ejecución de hipoteca que las fincas hipotecadas habían sido tasadas para fines contributivos en la suma de $43,380. La moción *ex parte* sobre cobro y retención de los cánones de arrendamiento aducía que la demandante había radicado una petición sobre ejecución de una hipoteca ascendente a la suma de $28,052.04 de principal, intereses y costas; que la finca hipotecada estaba produciendo rentas; que de conformidad con el Art. 110 y el inciso 4º del artículo 111 de la Ley Hipotecaria estas rentas estaban cubiertas por la hipoteca; y que los cánones de arrendamiento del mes en curso no habían sido pagados.

Nada hallamos en los artículos 110 y 111 de la Ley Hipotecaria que autorice que se dicte una orden dirigida al márshal para que cobre y retenga los cánones de arrendamiento que se adeuden o que puedan adeudarse en el futuro al deudor hipotecario, en una solicitud *ex parte* de un acreedor hipotecario y en un procedimiento como el presentado en este caso. Tampoco el acreedor hipotecario, como interventor en el presente recurso de *certiorari,* ha sugerido alguna otra autoridad para la expedición, como cuestión de derecho, de una orden reteniendo los cánones en un pleito en equidad para hacer efectivo el crédito.

*La orden de la corte de distrito debe ser revocada.*