HERMAN L. COCHRAN, como Síndico de SUCRS. DE L. VILLAMIL & Co., S. EN C., y sus socios gestores JOSÉ LEÓN NÚÑEZ y CELSO SUÁREZ, en quiebra, demandante y apelado, v. MERCEDES FERNÁNDEZ VDA. DE SUÁREZ, demandada y apelante.

No. 6420.—*Sometido:* Junio 7, 1934. *Resuelto:* Noviembre 30, 1934.

*L. Llorens Torres,* abogado de la apelante; *J. J. Fuertes* y *R. Castro Fernández,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Herman L. Cochran, como Síndico de Sucrs. de L. Villamil & Co., S. en C., y sus socios gestores José León Núñez y Celso Suárez, en quiebra, entabló demanda contra Mercedes Fernández viuda de Suárez, en cobro de dinero.

Alegó dos causas de acción. Basó la primera en que la demandada ha sido socia comanditaria de Sucrs. de L. Villamil & Co. S. en C. con derecho a participar en los beneficios y pérdidas, habiéndole la sociedad enviado dinero en anticipo de beneficios, constituyendo dichas transacciones una cuenta corriente que se liquidó entre las partes en septiembre 13, 1925, con un balance a favor de la sociedad de $721.28.

Desde la fecha de la liquidación hasta abril 23, 1932, la sociedad "remitió a la demandada"—que tiene su domicilio en Madrid, España—"o pagó obligaciones de la demandada por la suma de $74,132.65 representando dicha suma cantidades remitidas mensualmente a la demandada a España por dicha mercantil durante el período indicado por concepto de rentas cobradas de propiedades de la demandada en Puerto Rico y fondos remitidos por adelantado y en anticipo de la participación de dicha demandada en los beneficios actuales obtenidos por la Sociedad antes mencionada así como también gastos incurridos por la Sociedad desde el 13 de septiembre de 1925 al 23 de abril de 1932 para sostener y conservar las propiedades que la demandada poseía en la Isla de Puerto Rico, cuyos pagos constituían entradas al débito en la cuenta corriente entre dicha mercantil y la demandada en los libros de dicha entidad comercial."

Durante el mismo período la sociedad acreditó a la demandada en la indicada cuenta corriente $46,286.15 que representan los beneficios realmente obtenidos por la demandada en la sociedad y las rentas y otros ingresos de propiedades de la demandada recolectados por la sociedad.

La cuenta corriente arrojaba en abril 23, 1932 un balance a favor de la sociedad en quiebra de $28,569.78, cuyo balance forma parte de las propiedades del Síndico, está vencido y no ha sido satisfecho en todo ni en parte.

La segunda causa de acción se basa en los mismos hechos aducidos para sostener la primera, alegándose además que en abril 23, 1932, la demandada adeudaba a Sucrs. de L. Villamil $28,569.78, según liquidación de la cuenta corriente que existía entre ambas partes que fué enviada a y aceptada por la demandada que se comprometió a pagar el balance resultante en contra suya, balance que hoy forma parte de los bienes del Síndico nombrado por la Corte Federal en el caso de quiebra de Sucrs. de L. Villamil & Co., S. en C., y sus socios José León y Celso Suárez, y que no ha sido pagado en todo ni en parte.

El mismo día en que se archivó la demanda se solicitó el aseguramiento de la sentencia que pudiera dictarse a virtud de la misma, recayendo la siguiente orden de, la corte:

"Vista la moción que antecede y los autos en este caso, la Corte ordena el embargo de los bienes inmuebles y derechos reales que se enumeran y describen en la moción de aseguramiento de sentencia bajo las letras *A, B, C, D* y *E* de la demandada Mercedes Fernández, Vda. de Suárez, en cantidad suficiente para responder de la suma de $28,569.78 de principal, sus intereses legales desde el 23 de abril de 1932 hasta su completo pago, más las costas y gastos que este pleito irrogue al demandante.

"En virtud de las fuertes hipotecas que gravan las propiedades de la demandada antes mencionada, la Corte ordena además, el embargo de las rentas que producen dichas propiedades y que en la actualidad pertenecen y son pagadas a la demandada, o a sus agentes en Puerto Rico.

"ORDENÁNDOSE ADEMÁS a la demandada, Mercedes Fernández Vda. de Suárez, o a sus agentes o representantes legales se abstengan de vender, hipotecar o enajenar en forma alguna las propiedades y derechos reales que la demandada posee en la Isla de Puerto Rico y descritos en la moción de aseguramiento de sentencia.

"No constando la reclamación en documento auténtico la Corte ORDENA la prestación por parte del demandante de una fianza de $5,000.00 para responder a la demandada de los daños y perjuicios que se le puedan irrogar por consecuencia del embargo trabado sobre sus bienes.

"El Secretario expedirá el mandamiento procedente al Márshal de esta Corte para la debida ejecución de la orden."

Expedido el mandamiento, fué diligenciado en forma por el márshal.

La parte demandada presentó dos mociones solicitando la eliminación de ciertos particulares de la demanda y la mayor especificación de otros en la primera y la nulidad del embargo en la segunda. La corte declaró sin lugar ambas mociones, sin perjuicio de que la dicha parte demandada pudiera pedir un pliego de particulares.

Opuso entonces la demandada excepciones previas a la demanda que fueron desestimadas por la corte el 1º de

marzo de 1933, con permiso para contestar dentro de diez días.

En ese estado el pleito, el 14 de marzo de 1933 compareció el demandante y pidió a la corte que nombrara un síndico que se hiciera cargo de la administración de las propiedades embargadas. La corte accedió.

El 28 de marzo de 1933 no habiendo la demandada archivado su contestación, acusó el demandante su rebeldía que fué anotada el propio día por el Secretario y el 25 de abril siguiente pidió a este funcionario que registrara sentencia declarando con lugar la demanda en cuanto a su segunda causa de acción, y la sentencia fué en efecto registrada el 27 del propio abril y notificada a la parte perdidosa el 4 de mayo siguiente.

El 2 de junio de 1933 la demandada interpuso el presente recurso de apelación contra las resoluciones de enero 24, 1933, enero 25, 1933, marzo 1, 1933, y contra la sentencia de abril 27, 1933, señalando en su alegato cinco errores cometidos a su juicio por la corte, al desestimar su moción eliminatoria, al negarse a anular el embargo, al declarar sin lugar sus excepciones previas y al decretar el nombramiento del síndico y por el Secretario, al registrar la sentencia final en favor del demandante.

A nuestro juicio la corte no cometió el primer error que se le atribuye. Las eliminaciones solicitadas no eran pertinentes en su mayor parte, y la resolución de la corte negando las que quizá procedían no vicia de tal modo el procedimiento que deba por ese solo motivo revocarse la sentencia apelada.

En cuanto a la mayor especificación, creemos que fué suficiente la reserva a la demandada de su derecho a pedir un pliego de particulares, atendidas las circunstancias concurrentes y la naturaleza del pleito.

Tampoco fué cometido el tercero de los errores señalados.

La demanda aduce hechos suficientes para determinar

una causa de acción. La obligación de pagar la demandada al demandante la cantidad que le reclama, surge clara de los hechos alegados si se admite como es necesario admitir la certeza de los mismos a los efectos de la excepción previa alegada.

■ Y en cuanto a la indebida acumulación de acciones, no existe. Lo que hizo el demandante fué establecer su reclamación bajo dos formas distintas, a saber: bajo la de una cuenta corriente que lo obligaba a probarla por entero en caso de una negativa, y bajo la de esa misma cuenta corriente liquidada, rendida y aceptada que lo obligaba en tal caso a probar solamente la aceptación.

El demandante apelado explica en su alegato su actuación así:

"Era posible que por cualquier motivo no pudiésemos probar la causa de acción sobre la cuenta corriente liquidada y aceptada por la demandada y entonces no podríamos entablar otra acción sobre una cuenta corriente. Bajo estas circunstancias hemos sido prudentes y hemos seguido a los tratadistas en la materia."

■■ El segundo señalamiento de error abarca dos extremos. Se sostiene por el primero que el embargo decretado para asegurar la sentencia es nulo porque la corte no tuvo poder para decidir cuáles eran los bienes que el márshal debía embargar a tal efecto, siendo a juicio de la apelante el procedimiento a seguir el fijado por la antigua Ley de Enjuiciamiento Civil Española que ordenaba embargar antes que inmuebles y derechos reales, el efectivo en caja, las joyas y los muebles y semovientes del deudor.

Creemos que no está bien fundada la contención. La ley especial sobre la materia se limita a disponer en su artículo 2, letra (b) que si la obligación reclamada fuera de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas. Luego el artículo 9 prescribe cómo se efectuarán el embargo y la prohibición de enajenar decretados. Código de Enjuiciamiento Civil, Ed. 1933, ps. 96 y

98.   Y esta corte en el caso de *López* v. *Martínez Hnos.*, 45 D.P.R. 530, ratificando anteriores decisiones, resolvió que:

"Decretado un embargo por la corte para asegurar la efectividad de la sentencia que pueda dictarse en el pleito, la orden para que el embargo se practique por medio de anotación en el registro emana de la corte y puede cumplirse por mandamiento expedido por el secretario directamente al registrador o al márshal correspondiente como en los casos ordinarios para que actúe."

No se trata de la ejecución de una sentencia, sino de una medida de aseguramiento, y parece lo natural que el orden a seguir sea distinto, debiendo comenzarse por los inmuebles. De tal suerte queda garantizado el derecho del demandante con la menor perturbación posible a los intereses del demandado.   Si el embargo le fuere gravoso. puede el deudor obtener que se levante pagando, consignando o afianzando las sumas reclamadas.   Artículo 15 de la ley.

■ Sobre el segundo extremo que es en verdad el que ha levantado dudas en nuestra mente, se limita a decir la parte apelante en su alegato:

"En cuanto al embargo de rentas o intereses futuros y de futuros cánones de arrendamiento, esta demandada alegó: que dicho embargo es ilegal y nulo, porque de acuerdo con la legislación vigente en Puerto Rico, no se pueden embargar rentas futuras ni futuros cánones de arrendamiento."

No es ése el modo de plantear seriamente una cuestión de tanta trascendencia que no sabemos que haya sido decidida de modo terminante en esta jurisdicción, ni en otra alguna.

Es la parte apelada la que en su alegato estudia la cuestión suscitada con alguna amplitud.   Invoca la letra (*h*) del citado artículo 2 de la ley que expresa que "en lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia," y dice que ajustó su solicitud a la regla establecida por esta corte en el caso de *Manrique* v. *Aguayo*, 35 D.P.R. 393 especificando en ella las

circunstancias que lo llevaban a pedir el embargo de las rentas además del de los inmuebles, circunstancias que en efecto fueron las que sirvieron de base a la corte para decretar dicho embargo, como así resulta de su propia orden, a saber:

"En virtud de las fuertes hipotecas que gravan las propiedades de la demandada antes mencionadas, la Corte ordena además el embargo de las rentas que producen dichas propiedades y que en la actualidad pertenecen y son pagadas a la demandada o a sus agentes en Puerto Rico."

En tales condiciones no intervendremos con la resolución de la corte, dejando la cuestión abierta para ser resuelta en el futuro si fuera presentada en propia forma.

■ El cuarto error se refiere al nombramiento del síndico. Se señala, pero no se discute en el alegato de la apelante.

■ Resta sólo examinar el quinto y último de los errores señalados. Por él se sostiene que el Secretario actuó sin jurisdicción al registrar la sentencia por no estar este caso comprendido dentro del número primero del artículo 194 del Código de Enjuiciamiento Civil.

Dos motivos abarca el error, primero, que éste no es un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente; segundo, que aquí la demandada fué emplazada por edictos.

El registro de la sentencia en rebeldía se hizo sobre la base única de la segunda causa de acción, o sea la que se funda en la cuenta corriente liquidada y rendida por el demandante y aceptada por la demandada. Siendo ello así, se trata claramente de un pleito que nace de un contrato sobre pago de dinero, comprendido, por tanto, dentro del número primero del artículo 194 del Código de Enjuiciamiento Civil. No nos encontramos aquí frente a un caso de una cuenta ilíquida, sino liquidada y aceptada, repetimos. *Rivera* v. *Corte,* 44 D.P.R. 817, 820.

■ Es cierto que la demandada fué citada por edictos y que el artículo 194 del Código de Enjuiciamiento Civil en

su No. 3 prescribe que en tal caso si no se contesta, la sentencia en rebeldía debe dictarse por la corte mediante prueba, pero también lo es que la dicha demandada compareció en el pleito e hizo las gestiones que conocemos, quedando así sometida a la jurisdicción de la Corte de igual modo que si hubiera sido citada personalmente. *Franceschi et al.* v. *Sepúlveda,* 27 D.P.R. 118, *Aparicio Hnos.* v. *H. C. Christianson & Co.,* 23 D.P.R. 493, *Hernaiz, Targa & Co.* v. *Vivas,* 20 D.P.R. 106.

*Tampoco fué el error cometido, debiendo en tal virtud declararse el recurso interpuesto sin lugar y confirmarse las resoluciones y la sentencia apeladas.*