PEDRO CLAUSELLS Y ARMSTRONG, demandante y apelante, *v.* ENRIQUE SALAS y su esposa BASILIA FERRER, demandados y apelados.

Núm. 6984.—*Sometido:* Marzo 10, 1936. *Resuelto:* Julio 31, 1936.

554

*Gustavo Rodríguez,* abogado del apelante; *R. Cintrón Lastra,* abogado de los apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Pedro Clausells demandó a Enrique Salas y a su esposa Basilia Ferrer solicitando la resolución de dos contratos de promesa de venta de dos solares que con ellos había celebrado. No contestaron los demandados y anotada su rebeldía la corte dictó sentencia declarando la demanda con lugar, disponiendo que como consecuencia de la resolución decretada el demandante se incautara de los solares en cuestión recibiendo los demandados la suma de $124.85 que les correspondía como resultado de la liquidación convenida. Se impusieron las costas a los demandados. Éstos apelaron de la sentencia para ante este tribunal.

Pendiente la apelación, el demandante pidió a la corte que decretara el aseguramiento de la sentencia sin fianza mediante embargo de bienes de los demandados por valor de quinientos dólares, suma que el demandante estimaba suficiente para satisfacer la sentencia incluyendo costas y honorarios de abogado.

La corte accedió y cumpliendo su orden el márshal embargó:

"Cualquier suma de dinero que el demandante Pedro Clausells Armstrong, debe pagar a los demandados citados, como sobrante de la liquidación de los contratos resueltos por la sentencia dictada por la Corte de Distrito en el pleito citado.

"Los cánones vencidos y por vencer sucesivamente y que deben pagar a los demandados por el arrendamiento de solares que éstos usufructúan en la 'Barriada Armstrong' de esta ciudad, y en los

cuales tienen radicadas sus respectivas casas objeto de ese arrendamiento, las personas siguientes:

"Georgina Pagán _____$1. 25 mensuales por una casa.
"Dolores Vázquez _____ 2: 00 mensuales por una casa.
"Casilda Rodríguez_____ 4. 00 mensuales por dos casas.
"José Cruz_____ 2. 00 mensuales por una casa.
"Asunción Fernández_____ 2. 00 mensuales por una casa.
"José González _____ 2. 50 mensuales por una casa.

"Este embargo fué notificado en este mismo día a los demandados Enrique Salas y su esposa Basilia Ferrer, y a las personas citadas que deben hacer efectivo esos cánones de arrendamiento, con prevención de que deben entregarlos al márshal que suscribe mensualmente para ser depositados en la Corte de Distrito de Ponce a los efectos legales correspondientes. Este embargo se practica hasta cubrir la cantidad de $500 que se fija en la orden de la corte."

Pidieron los demandados la nulidad del embargo por varios motivos. Se opuso el demandante. Y la Corte anuló el embargo. Contra su resolución, dictada en febrero 7, 1935, fué que este recurso se interpuso.

■■ La corte de distrito no señaló en su orden determinados bienes a embargar. Se limitó a decretar el aseguramiento de la sentencia mediante embargo de bienes de los demandados hasta la suma de quinientos dólares. Fué el márshal el que lo trabó en la forma que conocemos.

¿Pudo dicho funcionario sujetar al cumplimiento de la sentencia los cánones futuros de arrendamiento de que se trata, en la forma en que lo hizo?

Para sostener la afirmativa comienza el apelante invocando el artículo 2 de la Ley para asegurar la efectividad de sentencias, letra (h), Código de Enjuiciamiento Civil, ed. 1933, págs. 96 y 98, que dispone: "Art. 2.—El aseguramiento de la sentencia se ajustará a las reglas siguientes: . . . (h) En lo no previsto en las reglas precedentes, el Tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de las sentencias."

· Ya dejamos indicado que no fué la corte la que adoptó la medida específica de que se trata, sino el márshal actuando bajo la autoridad de una orden general de la corte.

Luego el apelante cita los artículos 258, 259 y 269 del Código Civil y los artículos 246 y 248 del de Enjuiciamiento Civil para sostener que los cánones futuros son bienes susceptibles de embargo. También 6 C. J. 206, Sec. 377 y Manresa, Comentarios a la Ley de Enjuiciamiento Civil, ed. 1891, págs. 498 y 499.

La cuestión no ha sido resuelta de modo definitivo por este tribunal.

En el caso de *Ramírez de Arellano* v. *Corte,* 43 D.P.R. 232, 233, dijimos:

"Nada hallamos en los artículos 110 y 111 de la Ley Hipotecaria que autorice que se dicte una orden dirigida al márshal para que cobre y retenga los cánones de arrendamiento que se adeuden o que puedan adeudarse en el futuro al deudor hipotecario, en una solicitud *ex parte* de un acreedor hipotecario y en un procedimiento como el presentado en este caso. Tampoco el acreedor hipotecario, como interventor en el presente recurso de *certiorari,* ha sugerido alguna otra autoridad para la expedición, como cuestión de derecho, de una orden reteniendo los cánones en un pleito en equidad para hacer efectivo el crédito."

Y luego en el de *Cochran* v. *Fernández,* 47 D.P.R. 704, 710, se expresó:

"Sobre el segundo extremo que es en verdad el que ha levantado dudas en nuestra mente, se limita a decir la parte apelante en su alegato:

" 'En cuanto al embargo de rentas o intereses futuros y de futuros cánones de arrendamiento, esta demandada alegó: que dicho embargo es ilegal y nulo, porque de acuerdo con la legislación vigente en Puerto Rico, no se pueden embargar rentas futuras ni futuros cánones de arrendamiento.'

"No es ése el modo de plantear seriamente una cuestión de tanta trascendencia que no sabemos que haya sido decidida de modo terminante en esta jurisdicción, ni en otra alguna.

"Es la parte apelada la que en su alegato estudia la cuestión suscitada con alguna amplitud. Invoca la letra (*h*) del citado artículo

2 de la ley que expresa que 'en lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia,' y dice que ajustó su solicitud a la regla establecida por esta corte en el caso de *Manrique* v. *Aguayo*, 35 D.P.R. 393 especificando en ella las circunstancias que lo llevaban a pedir el embargo de las rentas además del de los inmuebles, circunstancias que en efecto fueron las que sirvieron de base a la corte para decretar dicho embargo, como así resulta de su propia orden, a saber:

" 'En virtud de las fuertes hipotecas que gravan las propiedades de la demandada antes mencionadas, la corte ordena además el embargo de las rentas que producen dichas propiedades y que en la actualidad pertenecen y son pagadas a la demandada o a sus agentes en Puerto Rico.'

"En tales condiciones no intervendremos con la resolución de la corte, dejando la cuestión abierta para ser resuelta en el futuro si fuera presentada en propia forma."

De acuerdo con la Ley de Enjuiciamiento Civil antigua, los frutos y rentas en general eran susceptibles de embargo pero había para ello que constituir en administración el inmueble que los producía.

"Cuando se embargaren frutos y rentas, se constituirá una administración judicial, que se confiará a la persona que el administrador designe", prescribía el artículo 1450 de dicha ley.

Comentando el precepto, dice Manresa en su Ley de Enjuiciamiento Civil Reformada, tomo 5, pág. 507, ed. 1891:

"Ordénase en este artículo sin concordante en la ley anterior, lo que ha de practicarse cuando el embargo consista en frutos o rentas, ya por sí solos, ya juntamente con la finca que los produzca. Para uno y otro caso previene este artículo que se constituya una administración judicial, y que ésta se confíe a la persona que el acreedor designe.    .    .    .    .    .    .    .    .    .

"La palabra *administración,* empleada en la ley, da a entender que las atribuciones de ese cargo son las que corresponden a todo administrador de bienes ajenos; no sólo las de recaudar los frutos y rentas, sino también las de gobernar, dirigir y cuidar la finca o fincas que los produzcan. Si éstas están dadas en arrendamiento, el

administrador tendrá el deber de recaudar las rentas a su vencimiento, de cuidar de la finca para que no desmerezca por el uso o abuso que de ella se haga, de hacer las reparaciones que sean indispensables para su conservación, y de renovar los arrendamientos o alquileres que vayan venciendo; y si se trata de fincas rústicas, o de establecimientos que el dueño cultive o explote por su cuenta, deberá intervenir las operaciones, o dirigirlas si aquél las abandona, y recoger los frutos o productos a su tiempo.''

El vigente Código de Enjuiciamiento Civil dispone en su artículo 246 que:

''Todas las cosas, semovientes, dinero y demás bienes, así muebles como inmuebles, o cualquier interés en ellos, pertenecientes al deudor declarado tal por la sentencia, no exentos por la ley, y toda propiedad y derecho respecto de ella, ocupado o embargado en el pleito, están sujetos a la orden de ejecución.''

Y en su artículo 248, que:

''Toda propiedad real o personal, perteneciente a una mujer casada, a la fecha de su matrimonio, o que posteriormente adquiera por derecho propio, así como toda retribución que le sea debida o le corresponda por sus servicios personales, estarán exentas de una orden de ejecución contra su esposo; pero no gozarán de este privilegio de exención los beneficios, rentas y productos de los bienes privativos de la mujer casada, quedando aquéllos sujetos en una mitad de su valor, a una orden de ejecución dictada contra su esposo.''

La Ley sobre aseguramiento de sentencias nada expresamente determina en pro o en contra de la cuestión. Tampoco ninguna otra ley que se nos haya citado o recordemos.

No hay duda de que las rentas son cosas. ''Tienen también la consideración de cosas muebles las rentas o pensiones . . . '' dice el Código Civil, ed. 1930, en su artículo 269. Tampoco la hay de que son susceptibles de embargo cuando han sido devengadas, porque en tal caso el derecho del acreedor es ya algo definitivo susceptible de traba. Cuando ese derecho no ha madurado, es que surge la duda.

Resumiendo la jurisprudencia, dice Corpus Juris:

''Al determinar si el interés contractual sobre bienes es de tal naturaleza que puede ser embargado, cada caso debe regirse por sus

propios hechos. Parecería sin embargo que cuando el interés pecuniario de un deudor sobre una propiedad depende de una mera contingencia, el mismo no es embargable, y esto es aparentemente cierto aunque el deudor tenga derecho a defender su posesión contra un transgresor. Mas es embargable un interés adquirido y específico en un contrato." 6 C. J. 206.

El texto está sostenido por varias decisiones. Ninguna de ellas es exactamente igual a este caso. La que más se le asemeja es la anotada en apoyo del último principio establecido o sea el de que "es embargable un interés adquirido y específico en un contrato." Nos referimos al caso de *Sims* v. *Jones,* de Nebraska, en el que se resolvió lo que sigue:

"En este estado las cosechas en crecimiento son bienes muebles y están sujetas a ser embargadas y vendidas en pago de las deudas del dueño.

"Cuando se ceden tierras en arrendamiento y se reservan las rentas en especie o en parte de las cosechas, el arrendador y el arrendatario son arrendatarios o dueños en común de los frutos que se cosechen en tales tierras mientras dure el contrato de arrendamiento, y el interés de uno y otro es embargable". *Sims* v. *Jones,* 75 N. W. 150.

Puede imaginarse un contrato de arrendamiento de un inmueble inscrito en el registro en el que de modo cierto se determine el canon a satisfacer, constituyendo dicho canon un verdadero derecho adquirido y específico a favor del dueño del inmueble. En tal caso no es algo que parezca ilógico la sujeción de tal derecho al cumplimiento de las obligaciones de su dueño. Pero en casos corrientes como es éste que estamos considerando en que el contrato se renueva mes tras mes y está sujeto a tantas contingencias, no creemos que el embargo pueda practicarse, especialmente existiendo como existen decisiones en contrario, entre ellas las que siguen:

En el caso de *Wood* v. *Partridge,* 11 Mass. 487, 492, la Corte Suprema de Massachusetts por medio de su Juez Presidente Parker, se expresó así:

"El pacto en que se conviene pagar las rentas trimestralmente no crea deuda o reclamación legal alguna sobre la renta hasta que llega el término estipulado para su pago. (a) El canon puede que *nunca* venza. El arrendatario puede salir de la finca con el consentimiento del arrendador; o puede ceder el contrato con el consentimiento de este último, a fin de librarse del pago del arrendamiento; (b) o puede ser lanzado de la propiedad a virtud de un título superior al del arrendador; en uno u otro caso será relevado del efecto del contrato. No se trata de un caso de *debitum in praesenti solvendum in futuro,* que está sujeto a embargo por el estatuto; sino que es una contingencia, que no puede ser embargada; conforme se resolvió en los casos de Davis & Al. vs. Ham,(5) y Wentworth vs. Whittemore and Trustee.(6) (a) Partridge no podía legalmente ser declarado síndico de Wood en relación con cualquier renta no vencida al momento de notificársele el mandamiento; pues toda renta posterior a ésta estaba sujeta a una contingencia."

En el de *Thorp* v. *Preston,* 4 N. W. 227, la Corte Suprema de Michigan resolvió que:

"Las rentas por vencer en un contrato de arrendamiento existente al tiempo en que se notifica un mandamiento de embargo no están sujetas a tal procedimiento."

Y en *Ordway* v. *Remington,* 12 R. I. 319, se decidió que:

"Un contrato de arrendamiento especificaba un número de años 'a partir del primero de septiembre próximo,' y se reservaba un canon que sería pagadero 'en plazos trimestrales iguales,' debiéndose efectuar el primer pago 'el primero de diciembre próximo.'

"*Se resolvió,* que aunque el canon de arrendamiento debía pagarse el primero de diciembre, el mismo no había vencido legalmente, y en su consecuencia no estaba sujeto a embargo como propiedad personal hasta después de la media noche del primero de diciembre."

Atendidos el estado de la ley y de la jurisprudencia, nos parece que la cuestión no debe decidirse en una forma absoluta si que más bien debe dejarse a las circunstancias concurrentes en cada caso particular apreciadas por el juez sentenciador tomando en consideración los intereses de ambas partes, de acuerdo con las facultades que le otorga y los deberes que le impone la letra (*h*) de la sección 2 de la ley

sobre aseguramiento de sentencias, supra. Y así, aunque por motivos algo diferentes, llegamos a la misma conclusión a que llegara la corte sentenciadora sobre el particular.

■ Quizás sea conveniente aclarar que no debe entenderse que sostenemos que al decretar el juez el aseguramiento debe especificar en todos los casos los bienes sobre los cuales deba trabarse el embargo. Una orden general como la que aquí se dictó es en los casos corrientes bastante, pero cuando se trata de medidas extraordinarias como las que se adoptan de acuerdo con la letra (h) del artículo 2 de la Ley sobre aseguramiento de sentencias, entonces la mejor práctica es que el juez señale específicamente la medida a tomar.

■ Por lo que respecta a la segunda cuestión envuelta, bastará decir que a nuestro juicio no cometió la corte al resolverla los errores que le atribuye el apelante.

Exponiendo los fundamentos de su resolución, dicha corte de distrito se expresa correctamente a nuestro juicio, como sigue:

"En cuanto al embargo de cualquier suma de dinero que el demandante debe pagar a los demandados como sobrante de la liquidación de los contratos resueltos por la sentencia dictada en este caso, sostienen los demandados que es nulo, pues equivale al demandante haberse embargado a sí mismo una suma que, por la sentencia corresponde a los demandados, sosteniéndose, además, que el derecho que tienen los demandados reconocido por la sentencia no está sujeto a embargo.

"En cuanto a estas cuestiones, el diligenciamiento del márshal, supra, demuestra que lo que se trató de embargar fué:

" 'Cualquier suma de dinero que el demandante Pedro Clausells Armstrong, debe pagar a los demandados citados, como sobrante de la liquidación de los contratos resueltos por la sentencia dictada por la corte de distrito en el pleito citado.'

"Del mismo documento aparece que las únicas personas notificadas del embargo fueron los demandados y las personas a quienes se trató de embargar los cánones de arrendamiento. No hubo 'levy' por el márshal de ninguna suma de dinero ni se embargó ningún título o interés, sobre el crédito que por sentencia pudieran haber

obtenido los demandados en este caso, ni se notificó al demandante en forma alguna del embargo de dicho crédito.

"Nuestro Tribunal Supremo, en el caso de *Villar & Co.* v. *Hansson,* 40 D.P.R. 322, cita con aprobación lo resuelto en el caso de *Bissener* v. *Billon,* 71 Cal. App. 779, al efecto de que 'el embargo de propiedad en posesión del demandante no puede practicarse.'

"De acuerdo con el artículo 10 de la Ley para asegurar la efectividad de sentencias de 1902, establece que el embargo de bienes muebles o la prohibición de enajenarlos, se practicarán depositando los bienes en poder del tribunal o de la persona designada bajo la responsabilidad del demandante. Es cierto que, de acuerdo con el artículo 246 del Código de Enjuiciamiento Civil pueden embargarse, en procedimiento de ejecución, las deudas o créditos de un demandado, pero dispone dicho precepto que será 'de igual modo que en los autos de embargo.' Aplicando una disposición similar del Código de California, véase el caso de *McBride* v. *Fallon,* 65 Cal. 301. Y en *Needhan* v. *Cooney,* (Tex) 173 S. W. 979, se resolvió que:

" 'A judgment in favor of attachment debtor is not subject to levy.' "

*Debe declararse sin lugar el recurso y confirmarse la resolución apelada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.