Celestino Cruz Batista, peticionario, *v.* Corte de Distrito de Bayamón, Hon. Fernando Gallardo Díaz, Juez, demandada; Isaías Pérez, interventora.

Núm. 1775.—*Sometido:* Abril 20, 1949.    *Resuelto:* Julio 21, 1949.

*Luis A. Archilla Laugier* y *José E. Bosch Roqué,* abogados del peticionario; *Víctor M. Sánchez Fernández* y *Manuel Torres Reyes,* abogados de la interventora, demandante en el pleito principal.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Para revisar la negativa de la Corte de Distrito de Bayamón a anular un embargo trabado por el márshal de dicho tribunal sobre cierta mercancía existente en un taller de costura del demandado y sobre los cánones de arrendamiento por devengar de varias casas que figuraban a su nombre, expidió este Tribunal el auto de *certiorari*.

Al decretar la corte inferior el aseguramiento de la sentencia dictada en el pleito principal lo hizo a través de una orden general para que el márshal embargara "bienes del demandado suficientes para asegurar la efectividad de la sentencia dictada en este caso con fecha 9 de julio de 1948, más una cantidad razonable para costas, gastos y $600 de honorarios de abogado, decretándose este embargo sin previa prestación de fianza por haber sido pronunciada sentencia en el mismo y no estar la misma apelada al Tribunal Supremo de Puerto Rico." Expedido el mandamiento, el márshal, a instancia de la demandante en el pleito principal, procedió a practicar el embargo a que antes nos hemos referido. Al embargar la mercancía en el taller de costura, siguiendo indicaciones de los abogados de la demandante pero sin designación previa de depositario por el tribunal, la depositó en el establecimiento de Ramón Alvarez de Arce, suscribiendo éste un recibo como "depositario". Al embargar los cánones de arrendamiento, procedió a notificar a cada uno de los inquilinos que deberían entregar a su vencimiento "todos y cada uno de los cánones que devengue dicha casa por concepto de arrendamiento al Márshal de la Corte de Distrito de Bayamón. . . ."

Con posterioridad al embargo, el demandado apeló de la sentencia en su contra y al siguiente día solicitó la nulidad del mismo. Su moción fué declarada sin lugar.

Antes de dar consideración a los fundamentos de la solicitud de certiorari, precisa indicar que no obstante haber

apelado el demandado de la sentencia en su contra, luego de trabado el embargo, la corte inferior conservó jurisdicción para conocer, como lo hizo, de la moción sobre nulidad del mismo, por constituir éste un incidente colateral sobre un extremo no comprendido en la apelación, no produciendo ésta efecto suspensivo sobre los procedimientos relacionados con dicho embargo. Artículo 297, Código de Enjuiciamiento Civil; artículo 14, Ley Para Asegurar la Efectividad de Sentencias; *Sacks* v. *Superior Court* (1948), 31 C2d. 537, 190 P.2d 602; 4 Am. Jur., *Attachment and Garnishment*, sec. 6, pág. 555; 3 Am. Jur., *Appeal and Error*, sec. 531, pág. 192. *Cf. Clausells* v. *Salas,* 50 D.P.R. 553.

El primer fundamento de la solicitud de certiorari es al efecto de que el embargo no se ajustó a los requisitos del artículo 2 de la Ley para Asegurar la Efectividad de Sentencias, por cuanto las reglas fijadas en el mismo no comprenden el caso en que, en acción para la división de comunidad de bienes adquiridos durante concubinato entre la demandante y demandado, *Torres* v. *Roldán,* 67 D.P.R. 367, se reconoce a la concubina un 50 por ciento en los bienes que figuraban a nombre del demandado a la fecha de la terminación del mismo.

En el caso de *Torres* v. *Roldán,* supra, resolvimos que una concubina puede recobrar su parte proporcional en los bienes a cuya adquisición contribuyó con su capital y trabajo durante el concubinato, aun en ausencia de un convenio a ese fin. En el caso de autos, la corte inferior, en su opinión y sentencia, se expresó así: "La prueba ha demostrado que para la fecha del 9 de junio de 1947 [en que terminó el concubinato] los bienes a nombre de Celestino Cruz Batista que se relacionan a continuación, pertenecían tanto a éste como a la demandante Isaías Pérez de por mitad y que los mismos deben ser liquidados entre las partes correspondiendo a cada uno de ellos el 50 por ciento de tales bienes." [Se relacionan los bienes incluyendo la mercancía en el taller de confección de ropa.]

Aun cuando el artículo 2 de la Ley Para Asegurar la Efectividad de Sentencias, en sus incisos del (a) al (g) inclusive—que establecen las reglas para el aseguramiento de la sentencia de acuerdo con la naturaleza de la reclamación del demandante en relación con la obligación del demandado —no comprende específicamente la reclamación de la concubina en este pleito, el inciso (h) de dicho artículo es lo suficientemente amplio para comprenderla. "En lo no previsto en las reglas precedentes," dice el citado inciso, "el Tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia." Que el tribunal inferior, al ejercer su facultad bajo la ley decretando el aseguramiento de la sentencia, hizo buen uso de su discreción conforme a lo dispuesto en el inciso (h), surge de los siguientes hechos que encontró probados: "De la prueba aparece que el demandado después de separarse de la demandante comenzó a vender y a hacer pagarés al portador sobre algunas de sus propiedades. Como quiera que la Corte estima que esos bienes pertenecían tanto a la demandante como al demandado, *éste deberá pagar a la demandante su parte correspondiente a tales bienes, así vendidos o hipotecados.*" (Bastardillas nuestras.) *Manrique* v. *Aguayo Martí*, 35 D.P.R. 393. Estando todos los bienes a nombre del demandado, y habiendo ya enajenado y gravado algunos, necesario, más que equitativo, era adoptar alguna medida que tendiera a garantizar el cumplimiento de la sentencia dictada a favor de la demandante, que de otro modo hubiera podido resultar ilusoria. No creemos que exista el primer motivo de error.

El segundo fundamento de la solicitud es al efecto de que se cometió error al ordenar el embargo sobre cánones de arrendamiento no devengados.

El artículo 10 de la ley sobre la materia es el que reglamenta el embargo sobre bienes muebles en aseguramiento de la efectividad de una sentencia. El 11 hace las disposiciones

del 10 aplicables a los frutos que produzcan los bienes embargados o cuya enajenación se haya prohibido, si el embargo o prohibición fuere extensiva a dichos frutos. Entre éstos están comprendidos en su carácter de *frutos civiles,* el alquiler de los edificios y el precio del arrendamiento de tierras. Artículo 289, Código Civil, ed. 1930.

La procedencia de un embargo sobre cánones futuros de arrendamiento no ha sido resuelto en forma absoluta por este Tribunal. Véase *Clausells* v. *Salas,* supra, en el cual, si bien se confirmó una resolución de la corte inferior anulando un embargo sobre cánones de arrendamiento por vencer, dijimos:

"La Ley Sobre Aseguramiento de Sentencias nada expresamente determina en pro o en contra de la cuestión. Tampoco ninguna otra ley que se nos haya citado o recordemos.

"No hay duda de que las rentas son cosas. 'Tienen también la consideración de cosas muebles las rentas o pensiones . . .' dice el Código Civil, ed. 1930, en su artículo 269. Tampoco la hay de que son susceptibles de embargo cuando han sido devengadas, porque en tal caso el derecho del acreedor es ya algo definitivo susceptible de traba. Cuando ese derecho no ha madurado, es que surge la duda."

Y agregamos:

"Atendidos el estado de la ley y de la jurisprudencia, nos parece que la cuestión no debe decidirse en una forma absoluta si que más bien debe dejarse a las circunstancias concurrentes en cada caso particular apreciadas por el juez sentenciador tomando en consideración los intereses de ambas partes, de acuerdo con las facultades que le otorga y los deberes que le impone la letra (*h*) de la sección 2 de la Ley Sobre Aseguramiento de Sentencias, supra . . . ."

La ley y la jurisprudencia a que se refirió este Tribunal en el caso de *Clausells* fueron allí expuestas, citándose en cuanto a la primera, además de la Ley Sobre Aseguramiento de Sentencias, los artículos 258, 259 y 269 del Código Civil(¹)

(¹)"Artículo 258.—Las cosas se dividen también en corporales e incorporales.

"Son cosas corporales aquéllas que se manifiestan a los sentidos, que pueden tocarse o gustarse, que tienen un cuerpo, ya sea animado o inanimado. De esta clase de cosas son los frutos, los cereales, el oro, la plata, los vestidos, los muebles, las tierras, los pastos, las maderas, las casas y otras.

y los artículos 246 y 248 del de Enjuiciamiento Civil;(²) y en cuanto a la segunda los casos de *Cochran, Síndico* v. *Fernández*, 47 D.P.R. 704 y el de *Ramírez de Arellano* v. *Corte*, 43 D.P.R. 232, así como *Sims* v. *Jones*, 75 N.W. 150; *Wood* v. *Partridge*, 11 Mass. 487; *Thorp* v. *Preston*, 4 N.W. 227 y *Ordway* v. *Remington*, 12 R.I. 319.

El concepto de *cosas* muebles que a las rentas dimos en el caso de *Clausells*, por la consideración de cosas muebles fijadas a las "rentas o pensiones" por el artículo 269 de nuestro Código Civil, no se extiende, en verdad, a los cánones o alquileres producto del arrendamiento de un inmueble. Las

---

"Las cosas incorporales son aquéllas que no se manifiestan a los sentidos y cuya existencia sólo se concibe por el entendimiento, tales como los derechos hereditarios, las servidumbres y las obligaciones."

"Artículo 259.—Las cosas incorporales que consisten solamente en un derecho, no son por sí mismas estrictamente susceptibles de la cualidad de muebles o inmuebles. Sin embargo, se considerará que ellas pertenecen a una de estas clases de conformidad con el objeto al que sean aplicables y las disposiciones que más adelante se establecen."

"Artículo 269.—Tienen también la consideración de cosas muebles las rentas o pensiones, sean vitalicias o hereditarias, afectas a una persona o familia, siempre que no graven con carga real una cosa inmueble, los contratos sobre servicios públicos y las cédulas y títulos representativos de préstamos hipotecarios."

(²)"Artículo 246.—Todas las cosas, semovientes, dinero y demás bienes, así muebles como inmuebles, o cualquier interés en ellos, pertenecientes al deudor declarado tal por la sentencia, no exentos por la ley, y toda propiedad y derecho respecto de ella, ocupado o embargado en el pleito, están sujetos a la orden de ejecución. Las acciones y participación en cualquiera corporación o compañía, y deudas y créditos y toda la propiedad real o personal o cualquier interés en la misma, y todos los demás bienes no susceptibles de entrega manual, podrán ser embargados en virtud de la orden de ejecución, de igual modo que en los autos de embargo. El oro en polvo o en pepitas deberá entregarse por el oficial como dinero cobrado, por su valor corriente en plaza sin ofrecerlo en venta. Hasta efectuarse un embargo, los bienes no estarán afectados por la orden de ejecución."

"Artículo 248.—*Propiedad de la mujer casada exenta de ejecución.—(Enmendado según la Ley de 13 de abril de 1916, pág. 78.)*—Toda propiedad real o personal, perteneciente a una mujer casada, a la fecha de su matrimonio, o que posteriormente adquiera por derecho propio, así como toda retribución que le sea debida o le corresponda por sus servicios personales, estarán exentas de una orden de ejecución contra su esposo; pero no gozarán de este privilegio de exención los beneficios, rentas y productos de los bienes privativos de la mujer casada, quedando aquéllos sujetos en una mitad de su valor, a una orden de ejecución dictada contra su esposo."

"rentas o pensiones" a que se refiere el citado artículo son las mismas a que se refiere su equivalente en el Código Civil Español—el artículo 336—esto es, al derecho de una persona a percibir perpetuamente o durante su vida, una cantidad en metálico o en especie, en los plazos y forma que se hayan pactado, de otra persona que, por la entrega de un capital, de un inmueble o benéficamente, se impuso tal obligación. Scaevola, Código Civil, 2da. ed., pág. 105; Manresa, Comentarios al Código Civil Español, 5ta. ed., págs. 50 y 51. Sin embargo, puede el concepto *cosa* mueble aplicarse al producto del alquiler o arrendamiento, una vez devengado, bajo los artículos 265, 268 y 271 del Código Civil,(³) pues es buena teoría en derecho que el alquiler devengado pero no pagado por el inquilino se considera un fondo en manos de éste, perteneciente al arrendador, y está sujeto a embargo; no ocurriendo así con la renta (alquiler) no devengada, pues mientras ésta no venza, el derecho a la misma es eventual (*contingent*); no es una deuda u obligación exigible, y no es susceptible de embargo. 4 Am. Jur., *Attachment & Garnishment*, sec. 188, pág. 673; *Cf. Savings Bank of Danbury* v. *Loewe,* 242 U.S. 357, 61 L. ed. 360; *Deacon* v. *Oliver et al.,*

---

(³) "Artículo 265.—Se reputan bienes muebles los susceptibles de apropiación no comprendidos en el capítulo anterior, y en general todos los que se puedan transportar de un punto a otro sin menoscabo de la cosa inmueble a que estuvieren unidos."

"Artículo 268.—Las cosas muebles por disposición de la ley son las obligaciones y las acciones cuyo objeto sea cobrar dinero debido o muebles que lo sean por su naturaleza, aunque dichas obligaciones vayan acompañadas de una hipoteca; las obligaciones que tienen por objeto un hecho determinado y aquellas otras que por su naturaleza lleven consigo una indemnización de perjuicios; las acciones o intereses en bancos o compañías de comercio, industrias, o cualquiera otra especulación, aun cuando fueren poseedores de bienes inmuebles que dependan de dichas empresas. Tales acciones o intereses son considerados como muebles respecto de cada miembro de una sociedad durante el tiempo do su existencia; pero si la sociedad fuese disuelta, el derecho que cualquiera de sus miembros tuviese para reclamar la división de los bienes inmuebles o una participación en ellos, producirá una acción real."

"Artículo 271.—Todas las cosas corporales o incorporales que no tengan el carácter de inmuebles por su naturaleza o por disposición de la ley, deben ser consideradas como muebles."

14 How. (U.S.) 610, 14 L. ed. 563; *E. Sondheimer Co.* v. *Richland Lumber Co.,* 46 So. 806, 121 La. 786.

Por tal motivo resolvemos que bajo el artículo 11 de la Ley Para Asegurar la Efectividad de Sentencias, las rentas —en el concepto de "alquiler de los edificios" y "precio de los arrendamientos" dados a los *frutos civiles* por el artículo 289 del Código Civil—no son susceptibles de embargo en tanto no constituyan una deuda u obligación exigible o hayan sido devengadas. En consecuencia, cometió error la corte inferior al negarse a anular el embargo trabado por el márshal sobre los cánones de arrendamiento no vencidos.

■ Por el tercer fundamento el peticionario sostiene que el procedimiento de embargo seguido en la corte inferior es nulo por cuanto la demandante no dió traslado al demandado de su moción para que la corte decretara el aseguramiento de la sentencia, según exige el artículo 14 de la ley.

Este Tribunal tiene resuelta la cuestión aquí suscitada por el peticionario, en los casos de *Madera* v. *Campillo, Juez,* 30 D.P.R. 163, y *Sierra* v. *Vieta,* 56 D.P.R. 224, en el sentido de que radicada una demanda, puede decretarse un embargo sin necesidad de notificación previa al demandado, ni de practicar prueba alguna, ya que es sólo después de practicado el embargo, al presentarse alguna moción en relación con el mismo, que el promovente viene obligado, por el artículo 14 de la ley, a dar de ella traslado a la parte contraria. Siendo ello así, no erró la corte inferior al decretar el embargo sin notificación previa al demandado.

■ El último fundamento del peticionario es que se cometió error al aprobar, con posterioridad a la radicación por el demandado de su moción de nulidad de embargo, la designación de depositario que el márshal hiciera a instancias de los abogados de la demandante, sin orden previa del tribunal a ese efecto.

De los autos aparece que el embargo sobre las mercancías y el depósito de las mismas con Ramón Alvarez de

Arce se verificó el 13 de julio de 1948, sin que hasta entonces se hubiera dictado por el tribunal orden alguna designando a aquél como depositario. Es evidente, pues, que la designación de Alvarez de Arce como depositario no se hizo conforme lo exige la sección 10 de la Ley Para Asegurar la Efectividad de Sentencias. *Cooperativa Central* v. *Flores,* 68 D.P.R. 726; *Dávila* v. *Rosa,* 61 D.P.R. 608; *Balaguer* v. *Cordovés, Juez,* 59 D.P.R. 648. Sin embargo, aparece de los autos que nueve días después de dicho embargo y a moción de la demandante, el tribunal impartió su aprobación a tal designación. La irregularidad quedó, a nuestro juicio, curada por la aprobación posterior del tribunal. *Cooperativa Central* v. *Flores,* supra; *Dávila* v. *Rosa,* supra; 4 Am. Jur., *Attachment & Garnishment,* sec. 85 *et seq.,* pág. 607 *et seq.;* sec. 475, pág. 843.

*Por los fundamentos expuestos, se anulará en parte la resolución de 23 de septiembre de 1948 objeto del presente recurso en tanto en cuanto declaró sin lugar la moción del demandado para anular el embargo trabado sobre las rentas no devengadas de varias propiedades a su nombre, confirmándose la misma en cuanto dejó en pie el embargo trabado sobre las mercancías en poder del depositario Ramón Alvarez de Arce.*