ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **BRENDA GELABERT ORTIZ**<br><br>Recurrida<br><br>v.<br><br>**RAFAEL LUCIANO QUIÑONES, RAFAEL ALMANZAR**<br><br>Peticionarios | KLCE202401153 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Loiza**<br><br>Civil Núm.:<br>**LO2024CV00101**<br><br>Sobre:<br>Daños |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

Comparecen ante nos, mediante *Certiorari*, los señores Rafael Luciano Quiñones (Sr. Luciano) y Rafael Almanzar (Sr. Almanzar) (en conjunto, Peticionarios o Demandados) y nos solicitan que revoquemos la *Orden* emitida el 23 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Loíza (TPI).[1] Mediante la *Orden* el TPI pautó una vista de embargo para el 25 de noviembre de 2024, a las 2:00pm.[2]

Además, la parte peticionaria presentó simultáneamente con su recurso de *Certiorari*, una *Moción en Auxilio de Jurisdicción*, en la que nos solicitó que paralicemos los procedimientos ante el TPI y la vista pautada para el 25 de noviembre de 2024.

---

[1] Apéndice de *Certiorari*, Anejo XIV, págs. 41-43. Notificada y archivada en autos el 23 de septiembre de 2024.
[2] *Íd*., pág. 43.

Número Identificador
RES2024 _____

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto de *Certiorari* y declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción*.

**I.**

El 11 de junio de 2024, la Sra. Brenda Gelabert Ortiz (Sra. Gelabert o Demandante) presentó una *Demanda* sobre reposesión de bienes inmuebles apropiados ilegalmente en contra de los Demandados.[3] Mediante la *Demanda*, la Sra. Gelabert alegó ser copropietaria en común pro indiviso con miembros de la Sucesión Pablo Gelabert Rosado de dos (2) bienes inmuebles: una propiedad residencial y una propiedad comercial, ambas ubicadas en el Barrio Torrecilla Baja, Sector La Torre, Loíza, PR.[4] Su causa de acción se fundamentó en que alegó que el Sr. Luciano, quien es primo de la Demandante, se apropió ilegalmente de las propiedades antes descritas y se las alquiló al Sr. Almanzar, quien tiene posesión física de ellos y los opera como bar-restaurante y residencia.[5]

El 14 de julio de 2024, los Demandados comparecieron conjuntamente, mediante *Moción Asumiendo Representación Legal y de Prórroga para Alegar*, en la que el licenciado Henry Vázquez Irizarry informó que representaría a ambos Demandados y proveyó una sola dirección y correo electrónico para la parte demandada: PO Box 12178, Station, San Juan, PR 00914; (787) 902-7555; rafyluc33@hotmail.com.[6] Posteriormente, el 29 de julio de 2024, los Demandados presentaron una *Contestación a Demanda* en la que alegaron que el Sr. Luciano era dueño de las propiedades al haberlas adquirido por usucapión.[7]

---

[3] *Íd.*, Anejo I, págs. 1-2.
[4] *Íd.*
[5] *Íd.*
[6] Apéndice de *Memorando en Oposición a la Expedición de Auto de Certiorari* (*Memorando*), Anejo II, págs. 3-4.
[7] Apéndice de *Certiorari*, *supra*, Anejo III, págs. 7-10.

Tras varios trámites procesales, el 16 de septiembre de 2024, la Sra. Gelabert presentó una *Solicitud de Orden al Codemandado Rafael Almanzar para que Consigne ante el Tribunal los Cánones de Arrendamiento que Paga a Luciano Quiñones*.[8] Mediante dicha comparecencia, la Sra. Gelabert le solicitó al TPI que le ordenara a la parte demandante a depositar en el Tribunal los cánones de arrendamiento que devengaba del Sr. Almanzar. Arguyó que los pagos que le realizaba el Sr. Almanzar al Sr. Luciano, en virtud del arrendamiento de los inmuebles en controversia, eran ilegales, puesto que alegan el Sr. Luciano no es dueño de aquellas propiedades.

Ante aquella *Moción*, el 22 de septiembre de 2024, los Demandados presentaron una *Oposición a "Solicitud de Orden a Codemandado (SIC) Rafael Almanzar para que Consigne ante el Tribunal los Cánones de Arrendamiento que Paga a Luciano Quiñones"*.[9] Arguyó que no procedía la consignación de los cánones de arrendamiento porque la misma constituía una petición de embargo preventivo en posesión de un tercero, reglamentada por la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1.[10]

Luego de considerar las posturas de las partes, el 23 de septiembre de 2024, el TPI emitió una *Orden[11]* en la que determinó:

"Examinada la posición de ambas partes, el Tribunal determina que la solicitud de la parte demandante constituye una solicitud de embargo, por lo que **el Tribunal pauta una vista de embargo para el 25 de noviembre de 2024**, a las 2:00pm".[12]

Inconforme con aquella determinación, el 23 de octubre de 2024, los Demandados, ahora Peticionarios, presentaron simultáneamente una *Moción en Auxilio de Jurisdicción* y una

---

[8] Apéndice de *Memorando*, *supra*, Anejo IX, págs. 38-39.
[9] Apéndice de *Certiorari*, *supra*, Anejo XIII, págs. 36-40.
[10] *Íd.*, pág. 37.
[11] *Íd.*, Anejo XIV, pág. 43.
[12] *Íd.* (Énfasis nuestro).

petición de *Certiorari*. En su *Moción en Auxilio de Jurisdicción,* los Peticionarios solicitaron que se paralizaran los procedimientos ante el TPI, en particular la vista pautada para el 25 de noviembre del año corriente, puesto que "la recurrida no ha cumplido con los requisitos mínimos de la Regla 56.5 de Procedimiento Civil".

Por otro lado, en el *Certiorari,* presentó los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TPI AL CITAR A UNA VISTA DE EMBARGO SOBRE <u>CÁNONES DE ARRENDAMIENTO NO DEVENGADOS</u>, A PESAR DE QUE LA PARTE RECURRIDA INCUMPLIÓ LOS REQUISITOS DE LAS REGLAS DE PROCEDIMIENTO CIVIL AL NO PRESENTAR UNA SOLICITUD DE EMBARGO ACOMPAÑADA DE UNA DECLARACIÓN JURADA CON HECHOS ESPECÍFICOS Y PRUEBA DOCUMENTAL FEHACIENTE ACREDITANDO SU PETICIÓN; Y, OBVIANDO TOTALMENTE EL TPI QUE LA RECURRIDA SE LIMITÓ A ALEGAR EN EL VACÍO QUE EL CODEMANDADO-RECURRENTE LUCIANO QUIÑONES SE APROPIÓ DE UN NEGOCIO Y UNA RESIDENCIA QUE PERTENECÍA A SU PADRE FALLECIDO; Y, QUE EL RECURRENTE LUCIANO PLANTEÓ QUE ES DUEÑO DE LOS INMUEBLES DEBIDO A QUE LOS ADQUIRIÓ POR USUCAPIÓN.**

> **SEGUNDO ERROR: ERRÓ EL TPI AL OBVIAR TOTALMENTE EL PRECEDENTE ESTABLECIDO POR EL TRIBUNAL SUPREMO EN *CRUZ V. CORTE,* 70 D.P.R. 324, 331-332 (1949) DE QUE LAS RENTAS NO DEVENGADAS DE UN INMUEBLE NO SON SUSCEPTIBLES DE EMBARGO.**

## II.

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna

de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari,

no tiene que fundamentar su determinación. Reglas de Procedimiento Civil, *supra*, R. 52.1.

**III.**

Luego de un análisis completo del expediente y la controversia presentada, denegamos expedir el auto de *certiorari*. Al amparo de la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40, consideramos que la etapa en la cual se encuentran los procedimientos no es la más propicia para su consideración. Entendemos que la determinación del TPI no adolece de prejuicio, parcialidad o error manifiesto de hecho o derecho que amerite nuestra intervención. Por lo tanto, también declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción*.

**IV.**

Por los fundamentos discutidos, denegamos expedir la petición de *Certiorari* presentada y declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones