LUIS F. BALAGUER, peticionario, *v.* HON. R. CORDOVÉS ARANA, JUEZ DE DISTRITO DE SAN JUAN, demandado.

Núm. 1264.—*Sometido:* Diciembre 15, 1941. *Resuelto:* Enero 13, 1942.

*Justo A. Casablanca,* abogado del peticionario; el juez demandado compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La cuestión legal envuelta en el presente recurso es la siguiente: ¿Solicitado y decretado el embargo preventivo de bienes muebles, tiene la corte que lo decreta la facultad

exclusiva de designar el depositario de los bienes embargados, o es esa designación un derecho exclusivo del demandante que solicitó el embargo?

El peticionario demandó a Manuel C. Berríos ante la Corte de Distrito de San Juan, reclamando daños y perjuicios, y solicitó el embargo de bienes del demandado. La corte inferior decretó el embargo, previa prestación de fianza por la suma de $1,000, y por la misma orden nombró depositario de los bienes que se embarguen al Sr. Ricardo Fernández, de Juncos, P. R.

Alega el peticionario que él solicitó inmediatamente la reconsideración y enmienda de la orden en cuanto a la designación de depositario, (a) porque el Sr. Fernández no le es persona conocida, ni le ha pedido al tribunal su designación; y (b) porque la sección 12 de la Ley para Asegurar la Efectividad de Sentencias (marzo 1, 1902, Comp. 5233–5250) claramente dispone que "se designará al actor, o la persona que éste propusiese bajo su responsabilidad." La corte inferior declaró sin lugar la moción, por entender que de acuerdo con la sección 10 de la citada ley para asegurar la efectividad de las sentencias, es al tribunal que decreta el embargo de bienes muebles a quien corresponde la facultad de designar la persona que ha de actuar como depositario de los bienes embargados. El estatuto citado lee así:

"Sección 10.—La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. . ."

El estatuto invocado por el peticionario, sección 12 de la citada ley, como base de su alegado derecho a designar el depositario de los bienes muebles embargados, no es de aplicación a los hechos del presente caso. Dicha sección concede ese derecho al demandante cuando el dueño de *bienes inmuebles* embargados los abandonare, descuidare su administración o realizare actos que disminuyan su valor.

En su petición enmendada alega el peticionario que el juez recurrido actuó con pasión, prejuicio y parcialidad al designar a Ricardo Fernández como depositario contra la expresa voluntad del actor, exigiendo a éste fianza para responder del depósito hecho en manos de Fernández sin su consentimiento; que el juez querellado hizo tal designación por sugestión del demandado, complaciendo y protegiendo a éste y colocando al demandante, aquí peticionario, en peligro de que su embargo sea ineficaz; y que al proceder de tal manera, dicho juez abusó de su discreción judicial.

El juez querellado ha radicado una contestación en la que repudia por injustas las imputaciones que en su contra se hacen en la petición, y en oposición a ésta alega:

1. Que en el primer embargo que se decretó en este caso, la corte, a petición del demandante, designó depositario de los bienes a Juan Abraham, vecino de Humacao, por hallarse los bienes embargados en Juncos.

2. La fianza prestada para garantizar dicho embargo fué anulada y el embargo disuelto porque los fiadores no reunían los requisitos legales para servir como tales, por cuanto no poseían bienes suficientes para responder del importe de la fianza.

3. Que el depositario Juan Abraham fué destituído de su cargo por no reunir las condiciones necesarias para desempeñarlo, por cuanto se probó que había cumplido distintas sentencias por delitos graves y había tratado de trasladar los bienes embargados, de Juncos a Humacao, sin autorización legal, concediéndose al demandante diez días para someter candidatos, a los fines de designar un nuevo depositario, quien debería ser persona de reconocida solvencia moral y residente en Juncos; que el demandante sometió únicamente el nombre de una persona residente en Caguas; y que entonces la corte procedió a designar al Sr. Ricardo Fernández, ex-alcalde de Juncos, persona de reconocida solvencia moral y de la absoluta confianza del tribunal.

4. Que en vez de enmendar la fianza, el demandante radicó una nueva otorgada por dos fiadores distintos, uno de los cuales admitió por escrito que carecía de bienes suficientes para poder ser fiador; y que por ese motivo la corte, a moción del demandado, ordenó que se entregasen a éste los bienes embargados.

5. Que al solicitarse por segunda vez el aseguramiento de la sentencia, el juez querellado, teniendo en cuenta todos los antecedentes del caso, enumerados en los párrafos precedentes, designó como depositario a la misma persona en cuyo poder estaban los bienes al tiempo de ordenarse el levantamiento del primer embargo.

6. Que el juez querellado no tiene interés alguno en que el depositario sea el Sr. Fernández o cualquiera otra persona, pero sí en que sea una persona que reúna las condiciones de honradez, moralidad y capacidad necesarias para poder servir el cargo y que sea vecino del sitio en que se hallan los bienes, en quien la corte pueda depositar su confianza.

Hemos examinado los autos originales del caso civil núm. 37,911 remitidos a esta corte por la de Distrito de San Juan y ellos son suficientes para establecer fuera de toda duda la veracidad de lo alegado por el juez querellado, y para que rechacemos como injustas e infundadas las imputaciones de pasión, prejuicio y parcialidad contenidas en la petición.

El lenguaje de la sección 10 de la Ley para Asegurar la Efectividad de las Sentencias es tan claro que su interpretación no puede dar lugar a dudas en cuanto a la facultad que se concede al tribunal para designar el depositario de los bienes muebles embargados.

No obstante la facultad que el estatuto confiere al juez que decreta el embargo, los tribunales insulares, teniendo sin duda en cuenta que el demandante que solicita el embargo se obliga con los fiadores a responder de los daños y perjuicios que pueda sufrir el demandado, han seguido la

652

práctica, que consideramos aconsejable, de nombrar depositario a la persona que designe o recomiende el demandante. Ésa era la práctica autorizada por la antigua Ley de Enjuiciamiento Civil, artículos 1447 y 1554. El juez querellado acepta en su contestación que ésa es la práctica que a su juicio debe seguirse, alega haberla seguido en todos los embargos de bienes muebles por él decretados, y sostiene que estuvo justificado al apartarse de ella en el caso de autos por las actuaciones del propio demandante.

Opinamos que la corte inferior no erró ni abusó en manera alguna de su discreción al proceder a designar el depositario en la forma en que lo hizo. Al demandante se le dió la oportunidad de designar una persona digna de la confianza de la corte y designó a un incapacitado por razón de haber sido convicto de delito grave. Se le concedió una nueva oportunidad para que designara una persona de reconocida- solvencia moral, residente en Juncos, y designó a una persona residente en Caguas. Fué entonces que la corte inferior, prescindiendo del demandante y haciendo uso de la facultad que le concede el estatuto, procedió a nombrar al Sr. Ricardo Fernández, persona que a su juicio es digna de su confianza. El peticionario no ha impugnado en manera alguna la reputación o las condiciones morales del Sr. Fernández. Solamente ha alegado que no le conoce.

No encontrando razón alguna que justifique nuestra intervención con la discreción de la corte inferior, *procede la anulación del auto expedido y la desestimación del recurso.*