CRISTÓBAL DÁVILA, demandante y apelado, *v.* MARCIAL ROSA, demandado; MONLLOR & BOSCIO, SUCRS., interventora y apelante.

Núm. 8427.—*Sometido:* Marzo 4, 1943. *Resuelto:* Marzo 23, 1943.

*Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de la interventora apelante; *M. Guzmán Texidor,* abogado del demandante apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En marzo 16 de 1938 la sociedad Monllor & Boscio, Sucrs., inició la acción número 150 ante la Corte Municipal de Cayey, contra Marcial Rosa, en cobro de la suma de $498.92 como saldo de una cuenta corriente por mercaderías vendidas. Asegurada la efectividad de la sentencia mediante embargo de bienes del demandado Rosa, éste, en marzo 19 de 1938 se allanó a la demanda, sin impugnar en manera alguna la fianza prestada por la sociedad demandante.

El mismo día 19 de marzo de 1938, Cristóbal Dávila solicitó permiso para intervenir en el caso núm. 150. Aún cuando el permiso le fué concedido, Dávila optó por radicar una demanda en cobro de dinero, contra Marcial Rosa, ante la Corte de Distrito de Guayama, obteniendo de ésta una orden para el embargo de los mismos bienes que ya habían sido embargados por Monllor & Boscio, Sucrs., en el caso núm. 150, los cuales se encontraban bajo la custodia legal del Sr. José Mendoza, quien había sido nombrado depositario judicial por el Márshal de la Corte Municipal de Cayey. Al presentarse el márshal de la corte de distrito a embargar los bienes, el depositario José Mendoza se negó a entregarlos, informando al márshal que dichos bienes estaban *in custodia legis*. No obstante las protestas de Mendoza, el márshal se incautó de los bienes, sacándolos del almacén de Marcial Rosa, donde se encontraban, y llevándolos al almacén del demandante Cristóbal Dávila.

En octubre 3, 1938 la Corte de Distrito de Guayama concedió a Monllor & Boscio, Sucrs., permiso para intervenir en el pleito (Núm. 492) entre Cristóbal Dávila y Marcial Rosa. Contestó Dávila la demanda de intervención, celebróse la vista del caso en su fondo en febrero 8 de 1940, y un año después, en marzo 29, 1941, la Corte de Distrito de Guayama dictó sentencia declarando sin lugar la demanda de intervención y resolviendo:

(*a*) que la fianza prestada por el demandante en el caso núm. 150 de la Corte Municipal de Cayey era nula y por lo tanto carecía de efectividad al efectuarse el embargo de los bienes de Rosa;

(*b*) que Cristóbal Dávila, el demandante apelado, tenía derecho a atacar la legalidad y suficiencia de la referida fianza, colateralmente, en el caso civil núm. 492 de la Corte de Distrito de Guayama; y

(*c*) que el embargo trabado en el caso núm. 150 de la Corte Municipal de Cayey es nulo.

La sociedad interventora, no conforme con dicha sentencia, estableció el presente recurso, alegando en apoyo del mismo que cada uno de los pronunciamientos (a), (b) y (c), supra, constituye un error de derecho; y que la corte erró igualmente al resolver que los bienes depositados en poder de Mendoza no se encontraban *in custodia legis* y que por consiguiente el demandante apelado Dávila tenía derecho a embargarlos y entregarlos a un depositario judicial.

La teoría del demandante apelado es: que José Mendoza no era un depositario legal, por no haber sido nunca nombrado para tal cargo por la Corte Municipal de Cayey ni por ningún otro tribunal; que el embargo trabado por Monllor & Boscio, los interventores, no tuvo nunca efecto legal alguno y es nulo por ser nula la fianza prestada por fiadores, quienes no eran ni son contribuyentes al Tesoro Insular; y que un embargo así obtenido no puede derrotar el posteriormente obtenido por el demandante apelado.

En oposición a la teoría del demandante, la interventora alega que el demandante no puede atacar en la corte de distrito el embargo practicado por orden de la corte municipal y que es ante la corte municipal donde debió acudir el demandante para hacer valer su alegado derecho; y que el demandante no tiene derecho alguno a impugnar la suficiencia de los fiadores, no habiéndola impugnado el demandado Marcial Rosa.

Son hechos claramente establecidos (a) que la designación de José Mendoza como depositario de los bienes embargados fué hecha por el márshal de la corte municipal, sin la autorización previa o la aprobación posterior de dicha corte; (b) que uno de los fiadores que suscribieron la fianza prestada "para atender a los daños y perjuicios que puedan irrogarse al demandado Marcial Rosa" con motivo del embargo, no tenía bienes suficientes para responder del montante de la fianza; y (c) que el 19 de marzo de 1938, tres días después de practicado el embargo ordenado por la corte

municipal, el demandado Marcial Rosa se allanó a la demanda interpuesta por Monllor & Boscio, pidió que se dictase sentencia en su contra y que se vendiesen los bienes en la fecha más próxima posible por ser bienes susceptibles de deterioro.

La cuestión fundamental a resolver es la de si los bienes de Marcial Rosa estaban debidamente embargados por orden de la corte municipal y por tanto *in custodia legis,* en el momento en que el márshal de la corte de distrito se incautó de ellos y los entregó al depositario designado por dicha corte.

El artículo 10 de la Ley para Asegurar la Efectividad de Sentencias, aprobada marzo 1, 1902 (Comp. §§5233–5250; Cód. Enj. Civil, ed. 1930, pág. 96), en lo que es pertinente lee así:

"La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se trate en poder del tribunal o *de la persona designada por éste,* bajo la responsabilidad del demandante." (Itálicas nuestras.)

De acuerdo con el claro lenguaje del estatuto, el embargo de bienes muebles sólo puede practicarse de dos maneras: (*a*) depositándolos en poder de la corte que ordenó el embargo, o, (*b*) depositándolos en poder de una persona designada por la corte que expidió la orden de aseguramiento. En el caso de autos, la Corte Municipal de Cayey no designó ni al Sr. Mendoza ni a ninguna otra persona para actuar como depositario de los bienes que habían de ser embargados. Fué el márshal quien designó al Sr. Mendoza. El estatuto, según hemos visto, confiere la facultad de designar depositario a la corte y no al márshal. Éste podrá bajo ciertas circunstancias designar un depositario de los bienes embargados por él, pero debe someter la designación así hecha a la aprobación de la corte que ordenó el embargo. *Balaguer* v. *Cordovés, Juez,* 59 D.P.R. 648. En el caso de autos no se hizo ni una ni otra cosa y por tanto los bienes que se

encontraban en poder de José Mendoza no estaban *in custodia legis* en el momento en que fueron embargados por el márshal de la corte de distrito.

*Procede confirmar la sentencia recurrida.*

El Juez Asociado Sr. De Jesús no intervino.