COOPERATIVA CENTRAL DE PUERTO RICO, INC., demandanté y apelante, *v.* EDUARDO FLORES, demandado; CÁMARA INSULAR DE COMERCIANTES MAYORISTAS, INC., interventora y apelada.

Núm. 9650.—*Sometido:* Abril 9, 1948. *Resuelto:* Mayo 6, 1948.

*F. Hernández Vargas,* abogado de la apelante; *Otero Suro & Otero Suro,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La Cooperativa demandante solicitó en su demanda que se condenase al comerciante Eduardo Flores al pago de la suma de $1,607.37, importe de mercaderías y provisiones que le fueron vendidas a crédito por la demandante. A petición de ésta, el Tribunal de Distrito de San Juan decretó el embargo de los bienes del demandado en cantidad suficiente para responder de la suma reclamada, gastos, costas y honorarios

de abogado. En mayo 27 de 1947, el márshal embargó el establecimiento del demandado en Río Piedras y procedió a hacer un inventario de los bienes allí existentes, dejando el establecimiento completamente clausurado y designando como depositario al Sr. Leonardo F. Velázquez.

En junio 10 de 1947 la demandante radicó una moción en la que alegaba que los bienes embargados eran fungibles (sic) y, como tales, perecederos y susceptibles de deterioro, razón por la cual solicitó que se ordenase al márshal que vendiera en pública subasta la parte de dichos bienes que fuere suficiente para cubrir la suma reclamada.

En junio 24 de 1947 la Cámara Insular de Comerciantes Mayoristas, Inc. solicitó y obtuvo del Tribunal inferior permiso para intervenir y oponerse a la liquidación y venta de los bienes embargados, alegando como fundamentos de su oposición:

1. Que el embargo practicado a instancias de la demandante es nulo porque los bienes embargados nunca estuvieron *in custodia legis* y, además, porque el depositario de los bienes embargados no fué nombrado por el Tribunal que ordenó el embargo; y si fué nombrado por el márshal, el nombramiento nunca fué aprobado o confirmado por el Tribunal.

2. Porque los bienes del demandado se encuentran *in custodia legis* por virtud de un embargo trabado por la interventora, de conformidad con la orden dictada en junio 17 de 1947 por el mismo Tribunal del Distrito Judicial de San Juan, en el pleito seguido por la interventora contra Eduardo Flores en cobro de dinero. En la orden de embargo la corte designó al Sr. José Díaz Miró como depositario de los bienes que habían de ser embargados y el márshal puso los bienes embargados bajo la custodia de dicho depositario.

Sostiene la interventora que ella tiene sobre los bienes embargados un derecho preferente y superior al que sobre los mismos reclama la demandante.

La corte inferior autorizó a la Cámara Insular de Comerciantes Mayoristas, Inc. para intervenir y señaló el 7 de julio de 1947 para la vista de la moción sobre liquidación y venta de los bienes embargados. En septiembre 25 del mismo año el tribunal dictó su resolución declarando nulo y sin efecto el embargo trabado por la Cooperativa Central de Puerto Rico, Inc. La Cooperativa demandante no estuvo conforme e interpuso el presente recurso.

En su primer señalamiento la demandante apelante sostiene que la corte inferior erró al permitir la intervención de la Cámara Insular de Comerciantes Mayoristas, Inc. con el único propósito de atacar la validez del primer embargo. En el segundo señalamiento se alega que la corte inferior erró al declarar nulo el primer embargo trabado por la demandante.

Alega la apelante que un segundo acreedor por embargo tiene derecho a intervenir en el pleito en que se trabó el primer embago solamente cuando éste se hubiere obtenido mediante fraude o mediante un entendido (*collusion*) entre las partes litigantes o cuando la deuda garantizada por el embargo no estuviere vencida; pero que el segundo acreedor por embargo no tiené derecho a intervenir para solicitar la nulidad del primer embargo por alegados defectos de procedimiento, a menos "que alegue y pruebe algo sustancial que anule el procedimiento." Arguye que el hecho de que el nombramiento hecho por el márshal del Sr. Velázquez, como depositario, no fuese confirmado por el tribunal no es un defecto sustancial que dé derecho al segundo acreedor por embargo a intervenir en el procedimiento.

■■ La primera cuestión que debemos considerar y resolver es si el alegado primer embargo llegó a tener existencia y validez legal.

El artículo 10 de la Ley para Asegurar la Efectividad de Sentencias, de marzo 1, 1902, Estatutos Rev., pág. 178, Código de Enjuiciamiento Civil, edición de 1933, pág. 98, dis-

pone que "La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante."

Interpretando el citado artículo 10, en *Balaguer* v. *Cordovés, Juez,* 59 D.P.R. 648, resolvimos que es a la corte que decreta el embargo, y no al demandante que lo solicita, a la que corresponde la facultad exclusiva de designar la persona que ha de actuar como depositario de los bienes embargados.

En *Dávila* v. *Rosa,* 61 D.P.R. 608, la cuestión sometida a nuestra decisión fué la de si los bienes del demandado Rosa estaban debidamente embargados por orden de la corte municipal y por tanto *in custodia legis,* en el momento en que el márshal de la corte de distrito se incautó de ellos y los entregó al depositario designado por dicha corte. Resolvimos que el primer embargo era nulo, diciendo:

"De acuerdo con el claro lenguaje del estatuto, el embargo de bienes muebles sólo puede practicarse de dos maneras: (*a*) depositándolos en poder de la corte que ordenó el embargo, o, (*b*) depositándolos en poder de una persona designada por la corte que expidió la orden de aseguramiento. En el caso de autos, la Corte Municipal de Cayey no designó ni al Sr. Mendoza ni a ninguna otra persona para actuar como depositario de los bienes que habían de ser embargados. Fué el márshal quien designó al Sr. Mendoza. El estatuto, según hemos visto, confiere la facultad de designar depositario a la corte y no al márshal. Éste podrá bajo ciertas circunstancias designar un depositario de los bienes embargados por él, pero debe someter la designación así hecha a la aprobación de la corte que ordenó el embargo. *Balaguer* v. *Cordovés, Juez,* 59 D.P.R. 648. En el caso de autos no se hizo ni una ni otra cosa y por tanto los bienes que se encontraban en poder de José Mendoza no estaban *in custodia legis* en el momento en que fueron embargados por el márshal de la corte de distrito."

Si aplicamos la regla sentada en *Dávila* v. *Rosa,* supra, a los hechos del presente caso llegaremos a la inescapable conclusión de que el primer embargo nunca tuvo va-

lidez y eficacia legal y, por lo tanto, que los bienes muebles pertenecientes al demandado Eduardo Flores no estaban *in custodia legis* cuando fueron embargados por el márshal en cumplimiento de la orden de embargo dictada por el Tribunal de Distrito de San Juan a instancia de la corporación interventora.

No erró el tribunal inferior al permitir la intervención solicitada por la Cámara Insular de Comerciantes Mayoristas, Inc. Son numerosos los casos en que esta Corte ha reconocido el derecho de un acreedor que ha practicado un segundo embargo a intervenir y ser oído en el pleito en el cual se trabó el primer embargo. Véanse: *Tomás Rodríguez & Hnos., S. en C.* v. *Corte,* 40 D.P.R. 875; *Murray* v. *Tabacaleros de Bayamón, Inc.* 43 D.P.R. 210; *Melón Hermanos & Co.* v. *R. Muñiz, etc.,* 49 D.P.R. 703; *Benítez* v. *Tabacaleros, et al.,* 50 D.P.R. 791; *Reyes & Pagán* v. *Corte,* 52 D.P.R. 654; *Vélez* v. *Corte Municipal,* 65 D.P.R. 589.

*La resolución recurrida será confirmada.*